## ELLIS v. IOWA CITY.

1. **Municipal corporation :** GRADING OF STREETS : LIABILIEY FOR INJU-RIES RESULTING THEREFROM. If a city, in grading its streets, causes the work to be done in a careful and skillful manner, it will not be liable for injury to property resulting therefrom.

2. —— If, on the other hand, the work is done in an unskillful manner, it would be liable for such injuries. It was accordingly *held*, that if the city, in filling a street to bring it up to the established grade, whereby it was raised above the lot of plaintiff, constructed unskillful and insufficient gutters, by reason of which the water was caused to flow from the street on to the premises of plaintiff, it would be liable for injuries to the property resulting therefrom.

*Appeal from Johnson Circuit Court.*

TUESDAY, JULY 26.

THE plaintiff claims that the city negligently and unskillfully built the gutter of a street in front of her lots, so that the basement of her house was flooded, and damage done to the house, furniture, etc. The street had been graded above the level of plaintiff's lots, in accordance with the grade established by the city, and provision was made to carry off the water that would flow along the street by gutters. The plaintiff claims that.

water overflowed from the gutter, and her lots were flooded in consequence. The defendant insists that the damage was done by the water falling upon the plaintiff's lots and the lots adjoining, and not from the street, and that the work done by the city was carefully and skillfully done. It is claimed that the verdict is not warranted by the evidence, and that there was error in the instructions given by the court, and that the court erred in refusing the instructions asked by defendants.

*Robinson & Patterson* for the appellant.

*Gaston & Williams* for the appellee.

WILLIAMS, J.—We cannot do better in presenting the issues of law made by these parties, than to insert copies of the instructions given by the court as to the duty of the city :

"The city, as a public corporation, has a right to establish grades for the streets, and to fill up the streets to correspond with the grade established, and if the work is done in a careful and skillful manner, the city will not be liable for injuries to property, which are the necessary results of the careful and skillful grading of the streets."

" On the other hand, if the city in grading the streets, did the work in an unskillful and improper manner, by making improper or insufficient gutters, by reason of which the water was caused to flow from the street upon the premises of plaintiff, she will be entitled to recover, if you find the injuries complained of resulted from such alleged unskillful construction of the street.

What we have extracted contains substantially the charge of the court, and the propositions above recited were so amply explained by the court that we see no reason to believe they were misapprehended by the jury, and we are of the opinion that the law was correctly given.

The defendant complains that the court erred in refusing the instructions asked in its behalf. We insert only so much of the instructions asked as is necessary to indicate the ruling of the court below. The second instruction asked by defendant, to the effect that if plaintiff contributed in *any* manner to the injury, etc., was properly refused.

The third and fourth instructions asked by defendant were substantially given by the court. The fifth instruction would exonerate the city if it had used the care and prudence of a discreet and cautious man. This is not a correct measure of the responsibility of the city. The sixth instruction was substantially given by the court. The seventh, to exercise the best skill and diligence the city had, is not sufficient unless reasonable. The eighth, so far as this refers to the wants, necessities and finances of the city, is a good rule for the city, but refers to matters not in issue. The ninth, if the owner of the property, when the work was done, assented to the manner of doing it, the plaintiff, a subsequent purchaser, cannot complain, was properly refused. The tenth is the same in substance as the ninth.

We have carefully examined the evidence in this case, and find it unsaisfactory in support of the verdict, but we defer to the ruling of the trial judge.

Affirmed.