HENDERSHOTT v. THE CITY OF OTTUMWA.

1. **Municipal Corporations:** GRADE OF STREET: INJURY TO ADJACENT LOTS. If, in changing the natural grade of a street, the city is negligent, and adjacent lots are injured thereby, the city is liable therefor.

2. ———: RULE APPLIED. While the city may raise the grade of a street to the full width of the street, yet it has not the right in thus raising the grade to make a deposit of earth upon the lot of an adjacent owner.

*Appeal from Wapello District Court.*

TUESDAY, OCTOBER 16.

PLAINTIFF is the owner of two lots in the city of Ottumwa, which front on fifth street. Upon the front line of said lots there is an Osage orange hedge. For the purpose of improving the street for public travel, the city raised the natural grade in front of plaintiff's lots about twelve feet. The crown of the embankment was made the full width of the street. This could not be done without so depositing the earth that it rolled over upon plaintiff's lots while the work of filling up the street was in progress. The effect of thus filling the street was, that a large quantity of earth was deposited upon the front of plaintiff's lots, and part of his hedge was destroyed.

This action was brought against the city to recover the damages done to the lots by reason of said deposit of earth upon them.

There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*John B. Ennis*, for appellant.

*Wm. McNett*, for appellee.

ROTHROCK, J.—It is claimed upon the part of plaintiff that depositing the earth so as to roll down the sides of the em-

1. MUNICIPAL corporation: grade of street: injury to adjacent lots.

bankment upon his lots was a direct injury, for which the city is liable. Counsel for defendant claims that the city had the right to widen the top of the embankment to the full width of the street, and was not bound to erect a wall or barrier to prevent the earth deposited on the embankment from rolling down upon plaintiff's lots.

The court instructed the jury in accord with plaintiff's theory. This is the only question in the case.

It is well settled that a city has the power to change the grade of streets, either by reducing or elevating their natural surface; and the purchasers of lots adjacent to a street are supposed to calculate the chances of such reductions and elevations, as the increasing population of the city may require. *Callender v. Marsh*, 1 Pick., 417; *Houston v. Hancock*, 12 Mass., 220; *Ellis v. Iowa City*, 29 Iowa, 229; *Cotes & Patchin v. Davenport*, 9 Id., 227.

It is equally well settled that if, in making changes in the natural surface of streets, the city is negligent in construction, so that the adjacent lots are injured by reason of such negligence, the city is liable for such injury. *Cotes & Patchin v. Davenport*, supra; *Ellis v. Iowa City*, supra; *Wallace v. Muscatine*, 4 G. Greene, 373; *City of Aurora v. Reed*, 57 Ill., 30. Other authorities might be cited in support of the foregoing propositions, were it necessary.

It must be admitted, in this case, that the city had the right to grade the street to the full width for the purposes of public travel; but it had no right to deposit earth upon plaintiff's lots. It is urged that the earth was not deposited upon the lots, but upon the embankment in the street, and it rolled down upon the lots; and that the injury was an incident necessarily resulting from grading the street in front of plaintiff's lots, which was a proper exercise of a lawful power.

No one would claim that the city, in making the embankment, had the right to enter upon plaintiff's lots and deposit the earth directly thereon. This, beyond question, would be a trespass. It seems to us the city is equally liable for depositing the earth in the street in such a manner that, without ceasing its motion, it passed at once upon the lots. The only difference is that in one case the earth falls from the cart or wagon perpendicularly, and in the other it descends at an angle. By the law of gravitation the injury is as direct and certain in one case as the other. In both cases it is a direct encroachment upon the soil of the adjacent lots, by depositing that upon the earth which was not there before. We have found no case, after diligent search, where it has been held this may be done. On the contrary, many cases recognize a different doctrine. *City of Aurora v. Reed, supra; Pumpelly v. Green Bay Co.*, 13 Wallace, 166; *Radcliff's Ex'rs v. Mayor, etc.*, 4 Comst., N. Y., 195; *Hay v. Cohoes Co.*, 2 N. Y., 159; *Pettigrew v. Evansville*, 25 Wis., 223.

The authorities cited by counsel for defendant are all cases where the streets were excavated to the line of the adjacent lots, or cases where it does not appear that the embankment actually encroached upon the lots.

*Callendar v. Marsh, supra,* was an action of trespass for digging down the street by plaintiff's dwelling house, in the city of Boston, and taking away the earth, so as to lay bare the foundation walls of the house, and endanger its falling, in consequence of which plaintiff was obliged to build a wall, at great expense. In *Taylor v. St. Louis*, 14 Mo., 20, there was an excavation of an alley, by which the earth caved in and the buildings on the adjacent lots were in danger of falling. It

was held that the damage resulting by causing plaintiff to rebuild, or prop his falling walls, was consequential. In *Mayor and Council of Rome v. Omberg*, 28 Georgia, 46, the city, in grading a street, dug so near the lot of plaintiff that the earth crumbled away and a fence fell down. These, and other cases, hold that there can be no recovery against the city.

It will be observed that, in these and the other cases cited in argument, the acts of the city were done within the limits of the street, and in making the excavations or embankments there was no encroachment upon the soil of the adjacent owners.

In *Thurston v. Hancock, supra*, it was held that a person is liable for digging so near the line as to cause the natural earth to crumble, but is not liable for consequential injuries which may result to a building placed near the line.

We need not determine whether a city is liable for digging to the line of a street by which the soil upon the adjoining land is caused to fall, to the damage of the owner. There is a clear distinction between such a case and the case at bar. In making an excavation to the line of the street, there is no encroachment upon the adjoining land. The injury is not direct and immediate. It depends upon the lapse of time, the action of the elements, the depth of the excavation, and the character of the soil.

AFFIRMED.