## COWELL v. PATTERSON.

1. **Habeas Corpus: WAIVER.** The waiver of preliminary examination before the committing magistrate will not deprive the defendant of the right, in a *habeas corpus* proceeding, to introduce testimony for the purpose of showing he is not detained upon sufficient evidence to sustain the charge.

2. ———: **WARRANT.** The warrant of commitment, issuing to the sheriff of the county in which the examination is held, will authorize his detention and custody by the sheriff of the next most convenient county having a jail.

*Appeal from J. N. Weaver, Judge, at Chambers.*

FRIDAY, OCTOBER 25.

THE plaintiff applied for and obtained a writ of *habeas corpus*.   The defendant is deputy sheriff of Kossuth county, and as such he has the custody of the petitioner, who is confined in jail in that county.   The petitioner had been brought before one Davey, a justice of the peace in Estherville township, Emmet county, for a preliminary examination upon an information charging him with the crime of assault with intent to kill.   He was held to answer, and his bail fixed at two thousand dollars.   In default of bail the justice issued a *mittimus* to the sheriff of Emmet county directing him to detain the prisoner in the jail of Emmet county or that of the next most convenient county, until he should be legally discharged.

The petition states that the restraint is illegal in that— *First*, the warrant of commitment runs only to the sheriff of Emmet county, and does not authorize the defendant, James

Patterson, deputy sheriff of Kossuth county, to hold the petitioner; *second*, the bail is exorbitant; *third*, there is no evidence justifying the holding of the petitioner to answer.

The petition was granted, and a writ of *habeas corpus* was issued, and served upon the defendant, who produced the petitioner, as therein directed, and for answer set out the writ of commitment issued to the sheriff of Emmet county. There was attached to the answer, but not referred to therein, what purported to be a copy of the entry of the justice of the peace in his docket in the case of the *State of Iowa v. C. C. Cowell*, being the case in which the warrant of commitment was issued, which entry showed that the petitioner waived an examination. The petitioner moved to strike out the copy of the justice's entry because it is not referred to in the answer, and is immaterial. The court overruled the motion, and the petitioner excepted.

The petitioner then filed a reply, stating that there was not sufficient evidence in existence to justify holding him to answer; that the assault was committed in self-defense, and that the bail fixed is exorbitant. To the reply the defendant demurred, upon the ground—*First*, that it appears by the issues herein, and the proceedings in the cause, that the petitioner waived an examination before the committing magistrate, and that the question of the sufficiency of the evidence cannot, therefore, be raised; *second*, that the question of self-defense cannot be raised in a reply. The demurrer was sustained, and the petitioner excepted. Thereupon the case came on for hearing, and the petitioner offered several witnesses, and asked to have their testimony taken, for the purpose of showing—*First*, that the testimony does not warrant the holding of the petitioner, under the writ of *habeas corpus*, to answer the charge made; *second*, that the assault was in self-defense, and that he used only so much force as was necessary; *third*, that the bail fixed is exorbitant. The court refused to hear the witnesses, to which action the petitioner excepted. The court then proceeded to determine the case upon the plead-

ings and exhibits, and held that the petitioner was not improperly restrained, and that the bail fixed is reasonable, and rendered judgment accordingly. The petitioner appeals.

*George E. Clarke*, for appellant.

No appearance for appellee.

Adams, J.—It is undoubtedly the right of a person brought before a magistrate for preliminary examination to waive the examination. It follows that in such case no examination should be held. The defendant must be considered as admitting, for the purpose of dispensing with the examination, and for no other, that the testimony, if taken, would be sufficient to justify the magistrate in holding him. The petitioner claims the right in this proceeding to raise the question of the sufficiency of the evidence to justify his being held. He relies upon section 3482 of the Code. That section provides that, in a proceeding upon *habeas corpus*, the petitioner may deny the sufficiency of the testimony to justify the action of the committing magistrate, and that, upon the trial, the testimony taken before the magistrate may be given in evidence in connection with any other testimony which may then be produced.

We infer that the judge who acted upon the petitioner's application refused to allow him to introduce testimony upon the ground that he waived the preliminary examination. Without stopping to inquire whether it was properly shown to the judge that such examination was waived, we have to say that, if waived, we think it should not preclude the petitioner from a hearing upon testimony in the proceeding upon *habeas corpus*. It is true that section 3482 provides for tendering an issue as to the sufficiency of the testimony to justify the action of the committing magistrate. Now, if the petitioner admitted, by his waiver, that the testimony, if taken, would be sufficient, it might seem that he should not afterward be heard to aver to the contrary. But the same section provides that

*1. HABEAS corpus: waiver.*

other testimony may be produced. So the real question to be tried is as to whether the petitioner ought to be held, in view of all the testimony that may be produced; and it is clear that the petitioner should be discharged, in view of such tes_timony, if it appeared that he ought not to be held, even if the testimony taken simply before the magistrate showed otherwise. The presumption against him arising from a waiver ought not to be stronger than in such a case. We think, therefore, that the judge erred in refusing to hear testimony.

The point made by the petitioner in regard to the suffi-ciency of the warrant of commitment we do not think is well taken. The warrant runs to the sheriff of Em_met county, as it should do. It authorizes him to confine this petitioner in the jail of the next most conve-nient county. The petitioner shows that he is confined in the jail of Kossuth county. We must presume that that is the next most convenient county. The defendant is the dep-uty sheriff of Kossuth county, and jailer. In view of the pre-sumptions and conceded facts, we think that the warrant shows a sufficient justification. But for the error in refusing to hear testimony the case must be

2. ———: war-rant.

REVERSED.