THE STATE, EX REL. HART, V. ROSENCRANS, SHERIFF.

1. **Practice in Supreme Court**: CONSTITUTIONAL QUESTIONS CONSIDERED WITH RELUCTANCE.   This court will not undertake to determine constitutional questions which do not necessarily arise in a case, and where a party assails the constitutionality of a law, and comes here as appellant, the court will scrutinize with more than ordinary strictness the record which he brings, to determine whether a constitutional question is necessarily involved.

2. **Habeas Corpus**: PRISONER AGAINST SHERIFF: AGREED RECORD INCOMPETENT.   Where a prisoner is held to answer to the grand jury, and he claims that the evidence on which he was committed is insufficient in law, and on such ground sues out a writ of *habeas corpus*, it is not competent for him and the sheriff to agree, in the petition and answer, as to what the evidence was; and on such showing the plaintiff herein was properly remanded to the sheriff's custody.

*Appeal from an Order of R. G. Reiniger, Circuit Judge.*

THURSDAY, DECEMBER 11.

THIS proceeding, entitled as above, was instituted by Hart, for the purpose of obtaining a writ of *habeas corpus*, and his discharge thereon from the defendant's custody. The writ was issued, and an answer and return were made thereto. Upon a hearing having been had, the prayer for release was denied, and the plaintiff was remanded into custody. He appeals.

*Blythe & Markley* and *P. J. Dougherty*, for appellant.

*Smith McPherson, J. B. Cleland* and *J. J. Clark*, for appellee.

ADAMS, J.—The appellant sought to effect a release from the custody of the defendant, Rosencrans, as sheriff of Cerro Gordo county. The record shows that he had been brought before one H. H. Cummings, a justice of the peace, on a charge of maintaining a nuisance in the use made of a certain room, by keeping whisky, wine and beer, and other intoxicating liquors, therein, with intent to sell the same in violation of law. As to what order the magistrate made, the record is silent; but both parties have treated the case as if the order was that Hart be held to answer to the charge against him. A bail-bond was given by him, and afterwards the surety upon the bail-bond surrendered him. The defendant, in his answer and return, sets up such bail-bond and surrender in his defense. The illegality of the restraint is said to consist in the insufficiency of the evidence to justify the magistrate's order. It is not denied that the evidence would be sufficient, but for the fact, as is alleged, that the law under which the charge was made is unconstitutional, so far as it applies to beer which was the property of the person charged, and on hand in his place of business, before the law took effect; and it is said that the evidence shows only that the appellant was keeping beer with intent to sell the same, and that all the beer thus kept by him was his property, and was in his place of business, to-wit, in the room complained

of as a nuisance, on the third day of July, 1884, which was before the law under which the proceedings were instituted took effect.

Our rule is never to undertake to determine a constitutional question unless the case is one in which such question necessarily arises. It does not appear upon what ground the circuit judge refused to discharge the appellant; but we think that the judge could not properly have reached the constitutional question. Section 3449 of the Code provides that the petition for a writ of *habeas corpus* must state the place where the applicant is restrained of his liberty, and. section 3450 provides that the petition must be sworn to by the person confined, or some one in his behalf. The petition in this case does not state the place where the appellant was restrained. As to whether the petition was sworn to by the appellant, or some one in his behalf, is only a matter of conjecture. It may have been; but the record before us does not show that it was. We find appended to the petition, as set out in the abstract, only these words: "subscribed and sworn," etc. If the petition itself showed no more than the record before us shows, the circuit judge would have been justified in refusing upon that ground to discharge the appellant. We should not, it is true, ordinarily, take notice of such objection where not noticed by the appellee; but where a party assails the constitutionality of a law, and comes into this court as appellant, we are justified in scrutinizing the record which he brings here with considerable strictness.

*1. PRACTICE in supreme court: constitutional questions considered with reluctance.*

Another .objection remains to be stated. The appellant was charged with keeping whisky, as well as wine and beer. For aught the record before us properly shows, the appellant may have been held for keeping whisky; and it is not claimed that the law in question is unconstitutional in its application to whisky, though held as property, and on hand, July 3, 1884. Following what purports to be a copy of the petition, a certain

*2. HABEAS corpus: prisoner against sheriff: agreed record incompetent.*

statement as to what the evidence showed is set out in these words: " Also the testimony of John Gotlieb, William Hudson, Frank Lautz, R. E. Owen and J. C. Norton, for the state, showing that the defendant kept a restaurant and saloon on the fourth day of July, 1884, and that he sold beer therein on that day, at North Plymouth, in said county. Also the testimony of H. W. Hart, in his own behalf, that all the beer kept or sold by him was a portion of his stock that remained on hand on the third day of July, 1884." These words, we infer, were attached to the petition. They not only follow the copy of the petition in the abstract, but we find in the petition a statement that a transcript of all the evidence is attached to it. On the trial before the circuit judge, no testimony or evidence of any kind was introduced. The appellant relied upon his own statement, as contained in the petition, as to what the evidence showed, and upon the answer and return of the sheriff. The latter averred that the minutes of the testimony, as set out in the plaintiff's petition, are substantially correct, and furnish the reason for his detention by the defendant. We have, then, a case made up by the prisoner and the sheriff in their own way, to test the legality of the imprisonment. That this is not allowable is manifest. Such a method of obtaining a discharge, if sanctioned, would become the favorite method of every person held to answer under a charge of crime. The person restrained would make up his own statement as to what the evidence showed; and if he could get the sheriff to admit that the statement is substantially correct, and that it is by reason of such evidence that he restrained the applicant, the question as to the sufficiency of the evidence would be made to depend upon the applicant's construction of it. The statute nowhere contemplates that the applicant is to put a construction upon the evidence, nor has the sheriff anything to do with it. It is for the court or judge to determine what the evidence was, after the same has been produced in the manner contemplated by the statute. Nor was it true, as the sheriff returned, that he held the applicant

by reason of the evidence. It was his duty to hold him, regardless of the evidence, until he was legally discharged.

The evidence upon which the applicant was held to answer not being properly brought before the judge, he did not, we think, err in refusing to discharge him.

AFFIRMED.