JAMES H. BENJAMIN, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA, DEFENDANT IN ERROR.

25 675<br>a41 813

1. A person accused of a capital crime and held under a *mittimus*,
issued by a magistrate, to await the action of the grand jury, is
entitled upon *habeas corpus* to introduce evidence and show the
real character or circumstances of the alleged offence, and should
be admitted to bail unless "the proof is evident, or the presump-
tion great" that he is guilty of a capital offence. The right on
*habeas corpus* is not lost or surrendeted by the accused having
waived a preliminary examination before the magistrate and the
omission of the magistrate to make the examination on account
of such waiver.
2. If a person accused of crime waives a preliminary examination be-
fore a magistrate and on account of the waiver no examination is
had, he will be estopped to claim any advan'age because of the
absence of such examination.
3. That the proposal of a person charged with crime to waive a prelim-
inary examination before a magistrate, necessarily relieves the
magistrate from making the examination, *quaere?*

STATEMENT.

On the eighth day of June of the present year the plain-
tiff in error presented to Judge Broome, of the Seventh
Circuit, a petition for a writ of habeas corpus, represent-
ing himself to be detained and imprisoned in the jail of
Volusia county by W. K. Turner, the sheriff, without
bail; that there is a pretended charge against him for
shooting and killing one J. W. Douglass, on the fifth day
of the same month; that the shooting was done in a neces-
sary defence of himself, his person and his life, and that
under the law he was justified as he believed at the time,
from the circumstances then surrounding him, to do the
shooting of which he is charged; that the proof is not
great, nor the presumption strong that he committed a
capital offence; that under the laws of the State of Florida

43

the charge is bailable, and he is entitled to be released from prison on the execution of a bond with sufficient sureties for his appearance to answer the charge. That he now stands in the custody of the sheriff under a commitment which forbids the sheriff from taking any bond. That he is illegally imprisoned, and to be released therefrom, he asks for a writ of habeas corpus directed to the sheriff so that petitioner may be forthwith brought before the Circuit Judge and furnish bail in such amount as shall be fixed, and receive what the law may require.

The sheriff produced the petitioner and retured that he held him by a virtue of a commitment, of which a copy is set out in the record, issued June 6th, 1889, by J. R. Finnegan, Justice of the Peace, 10th Justice District of Volusia county, Florida. It recites: " Whereas, Frank W. Sams, on the 6th day of June, 1889, made oath before me in writing, that one J. H. Benjamin, on the 5th day of June, 1889, in the county aforesaid," (county and State being set out above) " upon the person of J. W. Douglass, did inflict a mortal wound from a pistol shot, of which wound the said J. W. Douglass did die, and whereas, upon an examination held before me this day, the said J. H. Benjamin waived an examination : You are therefore commanded." The remainder of the writ being in the usual form, and being endorsed: " Came to hand June 6th, 1889, and executed same June 7th, 1889, by committing said prisoner, J. H. Benjamin, to jail. W. K. Turner, sheriff."

The following entries appear in the transcript of the proceedings before Judge Broome, omitting the title of the cause :

" This cause coming on to be heard, the defendant (Benjamin) offered the testimony of witnesses, viz: C. A. Haley and others to show that the offence charged is bailable ;

that the proof is not evident, nor the presumption great, and that the homicide was justifiable or a lesser grade than murder in the first degree ; to which the State objected on the ground that the return of the officer not being traversed, and that the commitment showing that the defendant waived examination before the committing magistrate, this court cannot consider any evidence offered by the accused upon application for bail on writ of habeas corpus.  Objection of the State is sustained, to which defeudant excepts, this June 21st, 1889." It is signed and sealed by the Judge.

There are other entries in the record which it is not material to notice.

The judgment remanding the prisoner is as follows: " Upon a hearing in this case, and it appearing to the court that the defendant is not unlawfully deprived of his liberty, and by all the papers before me the said defendant is charged with an offence not bailable, it is hereby ordered that the motion for bail be denied, and that the said de fendant, J. H. Benjamin, is remanded to the custody of the sheriff.  Ordered at Chambers, DeLand, this 21st June, 1889.                JOHN D. BROOME, Judge, &c."

To this Judgment the petitioner obtained a writ of error.

*Foster & Gunby* for Plaintiff in Error.

J. H. Benjamin, on the 6th day of June, 1889, was arrested and brought before J. R. Finnegan, Justice of the Peace, 10th justice district, Volusia county, Florida, upon the charge of murder, upon a warrant issued upon an affidavit made by F. W. Sams.  He was committed to jail by the justice to await the action of the grand jury.  The justice did not fix bail, and on the 8th day of June, two days after, he petitioned for a writ of habeas corpus, in which

petition he asks for bail to be allowed him. The judge made the writ returnable June 19th, and at that time refused to allow testimony to be offered by the petitioner to show that the proof was not evident and the presumption not great, and declined to bail the petitioner. Holding that as the commitment stated that the accused waived examination, he, the court, could not hear any testimony at all in the matter. Upon that decision the petitioner applied for and obtained a writ of error from the Supreme Court.

It is as well in the beginning to call the attention of the court to the statute defining the duties of the court upon a writ of habeas corpus before them. Chapter 3, 129, section 5, laws of 1879, requires " that the court, justice or judge before whom the prisoner shall be brought, shall, without delay, proceed to inquire into the cause of his imprisonment, and shall either discharge him, admit him to bail or remand him to custody, as the law and evidence shall require.

Section 6th of the same act is, the return made to each writ may be amended and shall not be taken as conclusive as to facts stated therein, but it shall be competent for the court, justice or judge, before whom such return is made, to examine into the cause of the imprisonment or detention, to receive evidence in contradiction of the return, and to determine the same as the very truth of the case shall require.

This court has held in ex-parte Finch, XV Fla., 630, et. seq., and in ex-parte Holly, XV Fla., 688, and in XVI Fla., ex-parte Harfourd, that the court can go into the cause of detention and take evidence or testimony.

In Finch vs. State, XV Fla., 633, it says: " When a person is indicted for murder or other capital offense he is entitled, upon habeas corpus, to produce such evidence as may operate to convince the court that the offense is of

such grade, or that there are such strong doubts in the case that a jury should not upon the case as presented, convict of a capital offense for the purpose of being discharged on bail.

In Holly vs. State, XV Fla., 688, the court held that: " A party indicted for murder is entitled upon proper application to a writ of habeas corpus for the purpose of showing such facts as may satisfy the court that the proof is not strong or the presumption is not great that he is guilty of a capital offense, and that he is entitled to be discharged on bail. The indictment charging a capital offense is not conclusive under the statute as to the character of the testimony.

In XVI. Fla., 283, Ex-parte Harfourd, this court decides that "the court, on habeas corpus, should, if required by the accused, hear and examine into the evidence for the purpose of determining what criminal act has been committed and the probable cause shown against the accused, and this whether the warrant of commitment was regular or irregular.

It would seem hardly necessary to refer the court to these decisions, for they are of recent years and clear and decisive in their purport, but as the judge below in his rulings and reasons therefor stated that he could not take testimony in a case other than what was offered on the preliminary examination, and have thought best to call attention to them.

It is claimed on the part of the petitioner, that under our statute, an accused has the right to offer such testimony as he deems necessary to show that the offense is bailable.

We are met with the objection that the accused having waived examination before the justice, cannot now be heard on writ of habeas corpus on application for bail.

Looking at that objection at first in the strongest light, we hold that it is not sustained by the authorities.

Church on Habeas Corpus, pages 296, 297, lays down fully what the court may do in the examination of depositions, evidence, and the entire proceedings before the committing magistrate. In that he refers to 49 Iowa, 514. Under the Code of Iowa, Section 3482, other evidence than that taken before the committing magistrate, could be produced. The Supreme Court of Florida has held that evidence may be produced before the judge hearing the application. The court in the Iowa case says: "The real question to be tried is as to whether the petitioner ought to be held in view of all the testimony that may be produced, and it is clear that the petitioner should be discharged, in view of such testimony if it appeared that he ought not to be held, even if the testimony taken simply before the magistrate showed otherwise. The presumption against him arising from a waiver ought not to be stronger than in such a case. We think, therefore, the court erred in refusing to hear testimony.

Looking at the authorities that sustain the position of the State, we find 10 Nevada, 265 ; Ex-parte Ah Baw and Ah Yon. In that case the ground first set forth in the petition was " that no examination has been had upon the charge alleged in the commitment." The court says: The statute contemplates that in all cases where a person has been arrested, charged with crime and brought before a magistrate, that an examination shall take place. The practice of allowing such person to waive an examination is irregular and should be discontinued. It appears that where petitioners were brought before the justice of the peace they were allowed to waive an examination, and the justice issued the commitment without the introduction of any testimony. This action, although erroneous, does not

furnish any ground for their discharge on habeas corpus. They are entitled to a hearing, and upon demand, the justice will undoubtedly grant it.

In that case the court decides that it is not a ground for discharge, but at the same time says that they are entitled to a hearing and that the court would undoubtedly grant it.

In the case at bar the accused is refused a hearing of any kind, not even as to whether he is entitled to bail or not. In Ex-parte Mahone, 30 Ala., page 50, to which case the court's attention is called, as to the duty of the judge, in cases of habeas corpus, the court says : " We do not, in laying down this rule, intend to declare that there are not other cases in which witnesses should be heard.   They are always heard if offered on application for bail ; and there are doubtless other cases of controverted fact where such practice would be proper.

In State vs. Asselin, T. U. P. Charlton, page 184, the court refusing to allow testimony to be offered other than the depositions offered before the magistrate, says : " Though I cannot receive this evidence on a motion to discharge the prisoner, yet I am not precluded by any principle of .law from permitting it to regulate the bail which I conceive it proper to require."

In 36 Kansas, *In Re.* Malison, the court have held that a waiver of a preliminary examination in a case of murder in the first degree, was of such character as to estop an application for bail on writ of habeas corpus.   In that case they say there are exceptions and, that where the waiving was on account of fear, bail should be allowed.

An examination of the Kansas Code will show that in that State on a writ of habeas corpus the court can only go into the testimony of prosecuting witnesses, and cannot

hear other witnesses; and a waiver in that State leaving them nothing to hear.

Under such a rule the waiver should be binding where there is no testimony to examine. We have examined these cases to put our case before this court in its strongest light.

We hold decidedly that under our law the court, on a writ of habeas corpus, is, when requested, bound to go into the very truth of the matter to receive evidence in contradiction of the return, and determine the same as the very truth of the matter shall require.

Let us now examine the record in this case, and see whether the court below erred in his various rulings.

Examine first the return: That shows nothing but a homicide—nothing defining murder in the first degree. Upon the face of the return the court should have discharged the accused, but no application was made for discharge, but simply for bail.

Witnesses were offered to show either justifiable homicide or a lesser offense than murder in the first degree. The court refused to hear it. Testimony was then offered that had been taken before the coroner. This was refused, though the authorities cited in the brief show that it has been frequently done before the judge inquires into the writ of habeas corpus.

Then the docket of the justice of the peace was offered which shows conclusively that he had entered as one of the papers in the case, the testimony of F. W. Sams. This is refused because the docket shows that it was taken after waiver. If it was taken after waiver, and commitment, it only shows a withdrawal of waiver by the counsel, who asks that one witness be examined. The paper is entitled: State vs. Benjamin, murder. The 10th district is set out. It shows that questions were asked by the defense; that it

was marked examination paper, and filed with the papers and given to the sheriff, and filed in the Circuit Court, and certainly shows that testimony was taken.

If there was any force in the position of waiver of examination, the court should have held that the return showing waiver of examination, the accused could not have bail, under writ of habeas corpus. But the court below goes further and allows the State to offer the affidavit of F. W. Sams, upon which the warrant was issued. The moment the court did that it went back of the return in favor of the State. All doubt should be given in favor of the prisoner. And once having gone back of the return, he should have continued to the very truth of the matter.

The right to bail is a constitutional right granted to all persons in all cases, except capital, when the proof is evident and the presumption great. We do not believe that it is right to deny it to any one, when there is on file in the court, with the commitment, " testimony "—called that by the justice in his docket, because the same docket states that the testimony was taken after his commitment. It was taken; the defense were allowed to examine him, and it was sent with the commitment to the files of the Circuit Court.

Authorities as to power of inquiry: 15 Fla., 633, 688 ; 16 Fla., Ex-parte Harfourd ; T. U. P. Charlton, 190.

As to bail: 3 Brevard, 39 ; 3 Parker Cr. Ct., 316 ; 30 Ala., 49; Church on Habeas Corpus, 237, 390, 305; 1 Salk., 104, Mohun's case ; 30 Indiana, 197.

As to waiver: 49 Iowa, 514; Church on Habeas Corpus, 236, *et seq.*

Generally applicable: Ex-parte Jones, 20 Ark.; Louisiana Annual, page 247, Longworth praying for a writ of habeas corpus.

*Idem*, 383: " Proceedings under this writ must be such

as the circumstances require substantial justice must be done between the applicant and the State." 50 and 52 Alabama.

Our conclusions, therefore, are—

1st. That waiver of preliminary examination does not in this State deprive a man of the right to bail.

2d. That there was no such waiver as could possibly estop.

3d. That under the warrant of commitment there was no charge of any offence. If there was it was not murder in the first degree.

4th. That the moment the court went behind the return and allowed the affidavit of Sams to be filed and offered by the State, the case should have been opened for the defence and the court allowed the accused to offer proofs.

5th. That testimony before the Coroner could and should have been received by the judge.

6th. The accused should have been allowed to prove that the proof was not evident and the presumption not great as to deprive him of bail, and bail should have been granted.

*The Attorney-General and Alex. St. Clair-Abrams* for Defendant in Error.

The petition does not show by affidavit or evidence probable cause to believe that the petitioner is detained in custody without lawful authority.

It admits that the petitioner killed Douglass, and was arrested and committed to jail to await the action of the grand jury, but claims that the killing was in self defense, but that in any event the offense is bailable.

The petition is bad for uncertainty.

The law requires that the petition shall show probable

cause to believe that the petitioner is detained in custody without lawful authority. (Chap. 3129 Laws of Florida.)

Where an accused has been committed to jail and sues out a writ of habeas corpus, the judge issuing the writ is limited to receiving evidence in contradiction to the return to the writ, (chap. 3129 Laws of Florida,) but before he can receive the evidence an issue must be raised by a traverse of the return. It was never the purpose or intention of the act of 1879 to render unnecessary the pleadings applicable to such cases. By failing or refusing to traverse the return, the petitioner admitted the truth of the return and the judge could not consider any allegation in the petition upon which the writ was granted. N. Y. Sup. Court; Evans vs. McEwan, 19 N. Y.; Weekly Dig. Criminal Law Magazine, vol. 5, p. 747.

By the very allegations of the petition the court below could not grant bail, as all the evidence that could possibly have been offered would have been susceptible of being controverted by the State, and in such ease the court would have to refuse bail. (Finch vs. State, XV Fla., 633.)

The petitioner is charged with murder on an affidavit, and is not entitled to bail where the proof is evident or the presumption great. It appears from the return to the writ that when brought before the committing magistrate, he waived examination and was remanded to jail.

A waiver of an examination is an admission of probable cause and is the deliberate act of the accused. It authorizes the magistrate to commit him for the highest offense. If, after an examination has begun, the accused waives further proceedings, he is estopped from seeking bail or discharge on habeas corpus. Stuar t vs. People, 42 Mich. 255 ; In Re Madison, 36 Kansas, 729 ; Cobb vs. State, 71 Maine, 198.

" A defendant who is charged with murder in the first

degree, and who has waived a preliminary examination for such offence, not only waives his right to be let to bail, but also to have the facts and circumstances examined into on a writ of habeas corpus."

In re Madison, 36 Kansas, 729.

To this rule the only exception is where he waives the examination through apprehension of personal violence, and where there is good ground to believe that personal violence will be used against the defendant.

There is nothing in the petition or in the record to show that the accused was in the slightest danger of personal violence, or that he feared such violence.

It was never the intention of the habeas corpus act to give an accused the power to take away from a justice his jurisdiction as a committing magistrate, by waiving examination before him, and subsequently seeking an examination before another tribunal under the writ.

In proceedings of this kind, where the accused has been examined by a magistrate, or has had an opportunity of an examinatien, the purpose of the writ is to enable the Judge to review the judgment of the lower tribunal, and not to make an examination *de novo;* and if the accused has prevented an examination by waiving one, all the superior tribunal can do is to examine the preliminary papers and if they are regular on their face, he must discharge the writ and remand the accused.

Criminal Law Magazine, Vol. 5, 290; Ibid, 120.

As to the sufficiency of the warrant of commitment, that question cannot be considered here. The petition admits its sufficiency when bail is sought upon it. Besides, the petition does not charge that the accused is held on an invalid or void commitment.

If it had, the irregularity, if any, could have been cured

by the magistrate issuing a new warrant before the hearing.

Criminal Law Magazine, Vol. 6, 500.

And besides the preliminary papers in such cases are not required to possess the precission of an information or an indictment.   The State vs. Tennison, 39 Kansas, 726.

RANEY, C. J.   The habeas corpus act of 1879, McClellan's Digest, 563 *et seq.*, provides that the court, justice or judge before whom the prisoner shall be brought shall without delay proceed to inquire into the cause of his imprisonment, and shall either discharge him, admit him to bail, or remand him to custody, as the law and evidence shall require, section 7 McC's Dig.; and section 8, that the return made to each writ may be amended and shall not be taken to be conclusive as to the facts stated therein, but it shall be competent for the court, justice or judge before whom such return is made to examine into the cause of the imprisonment or detention, to receive evidence in contradiction of the return, and to determine the same as the very truth of the case shall require.   The same power to compel the attendance of witnesses is given to a judge or justice in vacation as the court has in term time, and the use of the affidavit of a witness whose presence it may be inconvenient to procure is authorized when taken upon reasonable notice to the adverse party.   Section 9.

In Ex-parte Eagan, 18 Fla., 194, decided at the January term, 1881, it was held that it was in the power of the Supreme Court on habeas corpus under this statute to have a preliminary examination of a party arrested under a warrant issued by a Justice of the Peace, hear evidence and discharge, bail or remand into custody, but that the exercise of the power under such circumstances was discretionary and as a general rule it would remand the prisoner for

an examination before the magistrate issuing the warrant; and that the affidavit of the petitioner that he did not believe he could get a fair examination before the magistrate, coupled with the presence of two material witnesses at the place where the habeas corpus was returnable, would not justify a departure from such general rule. The preliminary examination was held, however, by the Supreme Court, on the consent of the State, through the Attorney-General, made on the ground that such course would save the State great expense.

There is no doubt as to a Circuit Court or any judge thereof, or a Justice of this court, having the same power.

The habeas corpus act of 1879 is a revision of that of 1822, to be found in Thompson's Digest, pp. 527, 530, and we are satisfied, and a comparison of the statutes will show, that it in no way restricts the remedial application of this writ or the power of the judiciary in administering it, as they existed under the former statute.

Decisions of this court prior to the revision show the power of the court under the former act. In Ex-parte Harfourd, 16 Fla., 283, the commitment was made for an act not criminal and one criminal, and hence irregular, and it was held that the Circuit Court should, on habeas corpus, if required by the accused, hear and examine into the evidence for the purpose of determining what criminal act had been committed and the probable cause shown against the accused, and this, whether the warrant of commitment was *regular or irregular.* The decision in Finch vs. State, 15 Fla., 633, was: When a person is indicted for a capital offence, he is entitled upon habeas corpus to produce, for the purpose of being discharged on bail, such evidence as may operate to convince the court that the offence is of such grade, or that there are such strong doubts in the case that a jury should not, upon the case as presented, convict of a

capital offence; and in Holley vs. State, Ibid, 688, it was held that a party indicted for murder is entitled, upon proper application, to the writ for the purpose of showing such facts as may satisfy the court that the proof is not strong, nor the presumption great that he is guilty of a capital offence, and that he is entitled to be discharged on bail; and further that the indictment charging a capital offence was not conclusive upon such application under the statute, as to the character of the testimony.

Under section nine of the Declaration of Rights in the present Constitution of this State, "all persons shall be bailable by sufficient sureties, except for capital offences, where the proof is evident or the presumption great." Constitution of 1885.

The *mittimus*, or warrant, issued by the justice of the peace to the sheriff, committing the plaintiff in error to jail, recites that upon the examination held by the justice, the plaintiff in error "waived an examination," and the docket of the magistrate shows that he pleaded "not guilty" to the charge contained in the affidavit on the same being read to him, and that he "waived further examination;" and it is contended by the State that such waiver estops the plaintiff in error from seeking bail or a discharge on habeas corpus.

A discharge is not sought, and consequently we will confine ourselves to a consideration of the effect of such waiver upon the right to bail.

The authorities relied upon by counsel representing the State are *In re.* Madison, 36 Kansas, 729; Stuart vs. The People, 42 Mich., 255; State vs. Cobb, 71 Me., 198.

In the first of these cases Madison and others were charged with murder in the first degree, and he showed in his petition for a writ of habeas corpus that they had waived a preliminary examination before the justice of the

690 SUPREME COURT.

Benjamin vs. The State of Florida—Opinion of Court.

peace because they believed, as did their counsel, and the sheriff having them in custody, that they were in danger of being mobbed or shot down pending such examination; and it was insisted that having once waived such examination they were not entitled to have the charges against them investigated or be let to bail. The opinion of the Kansas Court on this subject is, that a defendant who is charged with murder in the first degree and who has waived a preliminary examination for such offence not only waives his right to be let to bail, but also to have the facts and circumstances of the alleged offence examined into on a writ of habeas corpus; that there are, however, exceptions to this rule, as where at the time of such waiver of examination there are good grounds to believe that if an examination is gone into, personal violence will be used against defendant and under such apprehension an examination is waived, he will not be estopped by reason of such waiver; that to be estopped he must have waived his right to an examination from a free choice after a fair opportunity to have an impartial examination, and no mere imaginary danger will justify it, but there must be a well grounded belief, based upon such information or observation as would be calculated to excite fear of bodily harm in the mind of a reasonable person.

After a careful examination of the vast amount of testimony in the case, the court concluded that the preliminary examination had been waived from fear of personal violence, and that the prisoners were entitled to be let to bail.

Stuart vs. The People was not an application for bail, nor a habeas corpus case. Stuart was arrested upon a warrant issued by a magistrate upon a complaint, sufficient in form and substance, charging him with a criminal offence. He waived an examination and was thereupon held for trial, and was tried and convicted before the Superior Court

of Grand Rapids. Upon the trial he moved to quash the information filed by the prosecuting attorney, on the ground that there had been no examination by the magistrate before whom he had been brought on the warrant, and the Superior Court denied the motion. The statute of Michigan provides (sections 7844 and 7845, Compiled Laws, 1871) that the warrant of arrest shall issue upon examination of the complainant and any witnesses who may be produced by him ; and (section 7855) that the magistrate before whom any person is brought upon a charge of having committed an offence, shall proceed to examine the complainant and the witnesses in support of the prosecution on oath in the presence of the prisoner in regard to the offence charged, and any other matter connected therewith which the magistrate may deem pertinent ; and (section 7944) that no information shall be filed against any person for any offence until such person shall have had a preliminary examination therefor, as provided by law unless such person shall waive his right to such examination.

The Supreme Court affirmed the ruling of the Superior Court denying the motion, and held that one who is arrested on a criminal warrant can either insist upon or waive examination, and if he waives it, may be held for trial on the showing upon which the warrant for arrest was issued ; and where a person under arrest waives a preliminary examination the magistrate may bind him over for trial for the offence charged in the complaint and warrant, and the prosecuting attorney can file an information charging him with any offence covered by the warrant and sustained by the evidence on which such warrant of arrest was issued.

The case of State vs. Cobb was a *scire facias* against Cobb,
44

a surety on a bail recognizance of Kane, who being arrested and brought before the municipal court of Portland, waived an examination, and it was ordered that he be allowed bail in a sum stated. Failing to find sureties he was committed, but afterwards found sureties who entered into the recognizance with him before a bail commissioner. The statute of Maine (sections 12 and 13, chapter 133 Revised Statutes) was that when the accused is brought before a magistrate "he shall first examine, in the presence of the accused, on oath, the complainant and witnesses to support the prosecution as to all pertinent facts, and then the witnesses in defence," with, *inter alia*, provisions as to discharge, bail or commitment of the prisoner.

The Supreme Court of Maine held that such a waiver could be regarded at the hearing in the municipal court in all subsequent proceedings as the substantial equivalent for the examination and finding therein contemplated by the statute; and that after expressly waiving the right to a preliminary examination it is not to the person charged nor to his surety to object that the examination was not made; and that a recital in the recognizance that such an examination had been made, when the order allowing the recognizance showed there was none. and that it had been waived, was not a material error. The opinion, after observing that, according to the letter of the statute, the authority to require bail does not arise until the fact of the commission of the offence and of probable cause to charge the accused has been made to appear upon examination by proof produced, states: "This provision of the statute is clearly for the benefit of those under arrest for crime. It is a privilege and a right afforded for their security. * * But such require- ment of law may be waived by those whose safety it was designed to secure, and if waived, it cannot be necessary for the magistrate to proceed with the examination and

find the facts which independently of such waiver would give him authority to require bail. It is not a question of jurisdiction. To order bail upon waiver of examination is no more to take jurisdiction by consent than it would be to order bail upon plea of guilty."

No one of these cases, but the first, holds that a waiver of a preliminary examination before a magistrate bars the accused of the right to bail upon habeas corpus, nor was it necessary to affirm in the first one that any such result was ever incident to the waiver.

The authorities cited by counsel for the plaintiff in error upon this point are: Cowell vs. Patterson, 49 Iowa, 514, and Exparte Ah Bau and Ah You, 10 Nevada, 264.

In the former of these cases Cowell had been brought before a Justice of the Peace for a preliminary examination upon an information charging him with an assault with intent to kill, and was held to answer, the Justice fixing his bail at $2,000. In default of bail the Justice issued a *mittimus* to the Sheriff directing him to detain Cowell in jail until he should be legally discharged. Cowell applied to a Circuit Judge for and obtained a writ of habeas corpus, his petition averring that the bail was exhorbitant, and that there was no evidence justifying his being held to answer. For answer to the writ the docket of the Justice of the Peace showing by an entry therein that Cowell had waived an examination was relied on, and Cowell, in reply to this answer averred that there was not sufficient evidence in existence to justify holding him; that the assault was committed in self-defence, and that the bail fixed was exhorbitant. A demurrer to reply was sustained, and then the petitioner offered several witnesses and asked to have their testimony taken, for the purpose of showing the allegations of his petition and reply, but the Circuit Judge refused to hear the witnesses and then proceeded to determine the case

on the pleadings, and decided that Cowell was neither improperly restrained, nor the amount of the bail unreasonable. Cowell appealed.

The Supreme Court of Iowa in this case holds that it is undoubtedly the right of a person brought before a magistrate for preliminary examination to waive it, and that if the waiver is made no examination should be held. " The defendant," it says, " must be considered as admitting, for the purpose of dispensing with the examination and for no other, that the testimony, if taken, would be sufficient to justify the magistrate in holding him."

Section 3482 of the Iowa Code provides that on a habeas corpus proceeding the petitioner might deny the sufficiency of the testimony to justify the action of the committing magistrate, and that upon the trial the testimony taken before the magistrate might be given in evidence in connecnection with other testimony which may then be produced. The opinion says the waiver, if made, " shall not preclude the petitioner from a hearing upon testimony in the proceeding upon habeas corpus. It is true that section 3482 provides for tendering an issue as to the sufficiency of the testimony to justify the action of the committing magistrate. Now, if the petitioner admitted, by his waiver, that the testimony, if taken, would be sufficient, it might seem that he should not afterward be heard to aver to the contrary. But the same section provides that other testimony may be produced. So the real question to be tried is as to whether the petitioner ought to be held, in view of all the testimony that may be produced ; and it is clear that the petitioner should be discharged, in view of such testimony, if it appeared that he ought not to be held, even if the testimony taken simply before the magistrate showed otherwise. The presumption against him arising from a waiver ought not to be stronger than in such a case." The refusal

of the Circuit Judge to hear the evidence was held to be erroneous.

In the Nevada case, Ah Bau and Ah You were held in custody by a sheriff under a commitment issued from a justice's court, reciting that they had been held to answer upon a charge of attempting to break jail. They sought, on habeas corpus before the Supreme Court, to be discharged on two grounds, the first being because there had been no examination on the said charge.

It was shown that the petitioners, when brought before the justice of the peace, were allowed to waive an examination, and the justice issued the commitment without the introduction of any testimony. The Supreme Court held that the statute of Nevada contemplated in all cases where a person had been arrested on a charge of crime and brought before a magistrate, that an examination should take place; that the practice of allowing the accused to waive examination was irregular and should be discontinued, but that though this practice was erroneous, it did not furnish any ground for a discharge on habeas corpus, yet the petitioners were entitled to a hearing before the justice, and that upon demand he would undoubtedly give them one.

The conclusion we have reached after a careful consideration of the question and the authorities bearing upon it is: When a prisoner who is held for a preliminary examination on a criminal charge, waives such examination and the waiver is accepted by the magistrate or other examining officer, he is forever afterwards estopped from asserting in any subsequent proceeding anything he could not have asserted if the examination had taken place, or, in other words, he is at least in the same situation as he would be had an examination taken place; he cannot for his own advantage say that the examination did not take place, and

on that ground attack the commitment which the magistrate may have adjudged; this is true whether such commitment be without bail or in default of bail. That he is in any more disadvantageous position we are unable to see. If the offence charged is capital and consequently not bailable " where the proof is evident or the presumption great," and upon the waiver being made the magistrate accepts it and commits him without the privilege of bail, he, it seems to us, is in the same situation as to all subsequent proceedings that he would have been had the examination been held and the magistrate had committed him without bail. Had the examination taken place he could under the practice in this State, after being committed, obtain upon proper showing, a writ of habeas corpus and have a full inquiry made into all the facts and circumstances of the case, and upon such inquiry he would not be confined to the evidence introduced on the preliminary examination, but could show upon the whole case by all the evidence adducible, and ask for the judgment of the court or judge hearing the writ, whether on a capital charge, the proof was evident or the assumption great of his guilt of a capital offence, and if not, that he be bailed in such sum as the law and evidence require. Had the accused, now before us, been indicted by a grand jury, we do not see that the waiver made by him would preclude him from a hearing upon habeas corpus for the purpose of showing that the proof was not evident, nor the presumption great, as in the absence of any waiver, was adjudged by this court in behalf of Finch, and followed by it in the case of Holley, both of which decisions are referred to above.

In making the waiver the accused does not admit that either the circumstances or the character of his offending are different from what they really are, or that his offence

is more grievous or of higher grade of criminality than the evidence makes it in the eyes of the law, nor when he says to the State, when brought before a magistrate for a preliminary examination, that he will waive such examination, does he by such mere waiver abandon any subsequent remedy which was given him by the law and not dependent upon an assertion by him of the absence of a preliminary examination.

It is urged that if a prisoner who has waived the examination is permitted afterwards to apply for bail or other relief on habeas corpus, that it will transfer the ordinary jurisdiction of an examining magistrate from the tribunals in which it has been placed by the Constitution and laws to the Circuit and Supreme Courts, and the Judges thereof.

While we are fully satisfied that the waiver does not have the effect as to a habeas corpus claimed for it, we are not clear that a proposition of waiver from the accused necessarily relieves a magistrate from making the examination contemplated by our statute. If the State, however, sees fit to accept and act on the waiver, she cannot claim any advantage greater than she would have if the examination had taken place, and where a committal without bail follows such a waiver, she is in the same position as to the prisoner that she would be in if the examination had taken place.

The plaintiff in error does not seek to take advantage of any defect of the *mittimus* issued by the magistrate as reciting the charge of a capital offence. His plea is that the proof against him of having committed a capital offence in killing the deceased is not evident, nor the presumption of guilt of such an offence great, and that therefore he is entitled to bail, and he asks for a hearing on habeas corpus in the manner provided by the statute and law controlling

in such cases, and our opinion is that he is entitled to such hearing, and on it to show the real character of his offence by proper evidence, and if, upon full inquiry, it shall not appear that the proof is evident or the presumption great of his guilt of a capital offence, he should be admitted to bail.

The judgment of the Circuit Judge is reversed, and the cause remanded for proceedings not inconsistent with this opinion.