William H. Brammer, Appellee, v. Iowa Telephone Company, Appellant.

TELEGRAPHS AND TELEPHONES:     Construction—Following
1  Good-Faith Survey by Engineer.  A telephone company is not
liable in damages as for trespass in placing its poles in accordance with survey lawfully made by the county engineer, for that purpose and by him honestly thought to be correct, even though the engineer, in making the survey, was innocently in error, with the result that the poles were placed outside the highway and upon the land of plaintiff.   (See Sec. 1527-s17, Code Supp., 1913.)

TORTS:  Defenses—Obeying the Law.  Principle recognized that
2  one is not liable in damages for having obeyed the law.

HIGHWAYS:  Regulation and Use—Location of Telephone Poles by
3  Engineer—Constitutional Law.  It is competent for the legislature to delegate to the highway engineer the function of determining where telephone poles should be located.

INJUNCTION:  Subjects of Protection and Relief—Erroneous but
4  Legal Location of Telephone Poles.  Whether injunction will lie for relief against the maintenance of telephone poles legally located in accordance with a survey of the highway engineer, when the engineer was innocently in error in locating the lines, with consequent result that the poles were placed outside the highway and upon private property, *quaere*.

*Appeal from Franklin District Court.*—R. M. Wright, Judge.

November 21, 1917.

Rehearing Denied February 9, 1918.

The action is, in effect, one claiming damages for a trespass committed by the defendant in putting its telephone poles and telephone line upon the land of plaintiff. He had a verdict.—*Reversed.*

Vol. 182 Ia.—55

*Parker, Parrish & Miller, Neal M. Monroe* and *E. P. Andrews,* for appellant.

*R. R. Stuart* and *J. M. Hemingway,* for appellee.

SALINGER, J.—It is charged in the peti-

1. TELEGRAPHS AND TELEPHONES : construction : following good-faith survey by engineer.

tion that for what defendant did, it "never received any permit." A general denial interposed challenges this averment. A motion to direct verdict for defendant asserts that the evidence fails to prove that the line complained of is not located within a highway legally laid out and established on the west side of the plaintiff's land, and that the line is upon plaintiff's land. Further, that, if a verdict should go against defendant, it would be the duty of the court to set such verdict aside, on the ground that there was not sufficient evidence to sustain the same. Instructions offered present the theory that, if the defendant placed its poles at the point designated by the highway engineer, then there can be no substantial recovery by the plaintiff; that the said engineer, in surveying said land, was acting in obedience to a statute of the state, and so the survey is an official one and, *prima facie,* correct; that the line constructed according to his direction is, therefore, *prima facie* placed and located within the limits of the highway. The point is properly presented in the brief points of appellant.

There was fair occasion for making a survey, in order that it might be known where the line of the highway was, and so to avoid putting the poles on the land of appellee through error. The highway engineer did make a survey for that purpose. The great weight of the evidence is in favor of its correctness, and it might well be claimed, as it is, that the poles and line are in the highway, and not upon plaintiff's land. But though we assume that whether this is so was a question for the jury, it is still unquestionable

that, if the line is on the land of appellee, it is there because the engineer, intending to have it on the line of the highway, through honest mistake gave a direction that in fact put it upon the plaintiff's land. The engineer says he used this survey "to establish the line where the poles would go; when I located the place where the telephone company should put its poles, I intended to put them within the limits of the highway, and measured with that purpose in mind. I did locate these poles within the limits of the highway; I set a line of stakes on the highway past Mr. Brammer's land, and they put their poles in according to the line that I set." While, as said, there is a dispute over whether the line is on the side of the roadway or is on plaintiff's land, there is no dispute that, if the latter is true, it is due, as said, to an honest mistake on part of the engineer. Indeed, one can scarcely imagine why either the engineer or the telephone company should desire to put the line out of the highway and upon plaintiff's land, especially as the record indicates that, so far as the defendant is concerned, doing the latter made its line longer. Nor is it disputed that the defendant set its lines as the engineer directed it to. It is without dispute that the engineer has charge of the roads in the county; that, at the request of the telephone company, he was ordered by the board of supervisors to establish this line according to law; and that the defendant put the poles as by him directed. Aside from any authority that may have been derived from the action of the board of supervisors, Section 1527-s17, Code Supplement, 1913, provides that "any new lines or parts of lines, hereinafter constructed, shall be located by the engineer."

The question we have is, then, whether appellant can be made a trespasser for obeying the one who had authority to command, because the commander honestly erred in requiring what he required. Appellant would have been a trespasser had it

2. TORTS: de-
   fenses: obey-
   ing the law.

put its poles in a different place than the one directed by the engineer. Is it one as well because it put them where he told it to?

*Taeger v. Riepe*, 90 Iowa 484, is no warrant for putting defendant into such a position. In that case, the land-owner claimed that a highway through his land which had been used as a traveled road for 45 years was from 80 to 230 feet to one side of where it should be. To prove this, he introduced an old survey, in which the magnetic variations had been omitted, and as to which survey competent sur-veyors testified they were unable to locate it on the ground from the plat and notes. The decision was just this, and no more: That where it is uncertain where the exact situation of an established highway is, a finding that it is the traveled way, used and worked as such highway for many years, and with reference to which houses and fences have been built, will not be disturbed, though some facts appear which cannot be reconciled with such finding, other facts being irreconcilable with any other findings suggested.

Appellee relies upon *Wolfe v. Erie Tel. & Tel. Co.*, 33 Fed. 320,—the charge of a Federal judge. The jury was charged that, where a pole was located in a street extensive-ly used by the public as a thoroughfare, though in accord-ance with a permit from the city, that, in an action for damages sustained by reason of a buggy's striking such pole, it was for the jury to say whether such pole was, in point of fact, dangerous to the public; and if it found the pole was a dangerous obstruction, the permit of the city would not bar recovery by one injured. Aside from the fact that this is a mere *nisi prius* holding, the same is further weakened by such broad statements as that, if an erection be dangerous, "no grant" can validate a permit to erect it; no consideration being given to the fact that the sover-eign is the ultimate owner of highways, and that nothing in the record shows the city was authorized, much less directed.

to permit poles to be put in the street. It should not be difficult to distinguish a case wherein a city, having been granted no power by the state to do so, permits one to put a dangerous obstruction in a traveled street, and one wherein the sovereign has expressly authorized a specified officer to determine where a telephone line shall be located. The first does not justify holding that, where such authority is given such officer, one who obeys his direction is responsible as a wrongdoer.

3. HIGHWAYS: regulation and use; location of telephone poles by engineer: constitutional law.

It seems to us there are at least two reasons why appellant should not be dealt with as a trespasser:

a. It is competent for the legislature to delegate to the highway engineer the function of determining where telephone lines should be located. The delegation gives to his acts the protection against collateral attack which attaches to the decisions of quasi judicial tribunals, except that, possibly, injunction proceedings would lie, as their use would settle in advance whether the proposed location was proper.

b. Appellant concedes that *Hendershott v. Ottumwa*, 46 Iowa 658, holds against the position it now takes. Be that so, it is none the less the fact that the instant case is in analogy with the decision in *Pollard v. Baldwin*, 22 Iowa 328, wherein an army officer who had seized private property, acting under instruction of a superior, was held not to be liable for having done so, because he was legally bound to obey, and the law would not mulct him for having obeyed, as the law directs him to do.

We think, too, appellant is protected by considering the analogy between obeying the direction of the highway engineer and the immunity given an officer who obeys a writ directed to him by competent authority. We held, in *State ex rel. Hart v. Rosencrans*, 65 Iowa 382, at 385, that a return

to the writ of habeas corpus, stating that the sheriff holds the applicant "by reason of the evidence," is a mistaken return, because "it was his duty to hold him, regardless of the evidence, until he was  *  *  * discharged,"—which is another way of saying that an order of commitment by a magistrate, or a bench warrant on indictment, protects the one who obeys these writs until competent authority directs him that he shall no longer hold the prisoner. And by analogy, the present case is governed by the rules which, until a *de facto* officer is ousted, make his acts valid as to all who are compelled to deal with him.

We have no occasion to declare, and leave expressly undecided, what the law is should there be collusion between the engineer and the telephone company, and the two plan a deliberate trespass in the guise of an honest official act on part of the engineer, and honest compliance on part of the company.

4. INJUNCTION: subjects of protection and relief: erroneous but legal location of telephone poles.

As to the parties before us, the line located is, in the circumstances presented by this record, a location of the line on the line of the highway. If the result reached injures the plaintiff, that injury flows from a statute the validity of which he does not challenge. It is not for us to consider whether the legislature has left him remediless. Nor is it for us to suggest bindingly what his proper remedy, if any, is. It must suffice to say, in addition to the suggestion as to injunction proceedings, that the very statute which empowers the engineer to locate, contemplates there may be removals after such location. An appeal to the legislature is open to prevent either the creation or the continuance of such injury, though caused by honest mistake. All we decide is that, as the law now stands, appellee must seek redress other than dealing with appellant as a trespasser.

It follows from what we have said that the judgment of the trial court must be—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.