TEMPLIN v. IOWA CITY.

1. CORPORATIONS: INJURIES. A municipal corporation is liable for the neg-
lect or carelessness of its agents in the construction of public works on
the same principle that a natural person is liable for damages resulting
from his carelessness, unskillfulness, or wrong doing: following *Cotes &
Patchin* v. *The City of Davenport*, 9 Iowa, 227.

*Appeal from Johnson District Court.*

THURSDAY, OCTOBER 16.

For the facts see the opinion.

*Clark & Brother*, and *Fairall & Boal* for appellant.

*L. B. Patterson* and *Edmunds & Ransom* for appellee.

BALDWIN, C. J.— This is an action against Iowa City to recover damages which plaintiff claims to have sustained in consequence of the action of the authorities of said city, in grading certain streets adjoining the property owned and resided upon by the plaintiff, thereby causing the water to flow in upon the lot, and into the cellar of the building thereon.    Upon issue joined, and trial by jury, a judgment was rendered in favor of the defendant, and the plaintiff appeals.

The only assignment of error, is that the court erred in refusing to set aside the verdict of the jury, and grant to the plaintiff a new trial.    Under this assignment it is claimed:

1st.  That the verdict is against the evidence.

2d.  That the verdict is against the instructions of the court. .

3d.  That the instructions given by the court, on its own motion, are erroneous.

It is not assigned as error; though it is insisted upon in the argument of appellant, that the court erred in refusing to give the instructions asked by the plaintiff.    The instructions given by the court upon its own motion dispose of the questions presented in those asked by the plaintiff. The instructions thus given are full, and cover all the questions that arise in the case.    The court in its charge to the jury, recognized the rule of law as adopted by this court in the case of *Cotes & Patchin* v. *The City of Davenport,* 9 Iowa, 227, "that a municipal corporation is liable for the carelessness or neglect of its agents in the construction of public works, on the same principle that a natural person is liable for damages resulting from his carelessness, unskillfulness or wrong-doing."    The instructions of the court were fully as favorable to the plaintiff as the law would justify the court in making them, and they were not even excepted to at the time they were given.    The point most

relied upon by the appellant is, that the verdict is against the weight of evidence. A great number of witnesses were called, and their testimony is before us. Their evidence as to the injuries the plaintiff has sustained is very conflicting, so much so that it was peculiarly the province of a jury to determine in whose favor there was a preponderance. After a careful consideration of the evidence, we do not think that this falls within the class of cases that would justify us in interfering with the discretion of the District Court, more especially in this case, as the jury could better determine the applicability of the evidence to the case, as they were, under an order of the court, directed to view the premises.

Affirmed.