Ross v. The City of Clinton.

## Ross v. The City of Clinton.

1. **Municipal Corporations**: DAMAGES: PLEADING. In an action against a city for damages caused by the filling of a ditch, which was alleged to have been done by a water company, the petition should have stated that the act complained of was done by the permission of defendant, and that it was under legal obligation to keep the ditch open.

2. ———: ———: GRADING OF STREET. Where by raising the grade of a street the drainage which had before existed is destroyed, the city is liable in an action by an adjacent property owner for failing to provide a temporary means for the escape of the surface water, where such provision was practicable. ADAMS, J., *dissenting*.

3. ———: ———: ———. The construction of a culvert which is at once closed up will not relieve the city from liability. How long the city is bound to provide an escape for the water, or how long the owner of the property may leave his lots unfilled, at the peril of the city, is a question of fact to be determined by the jury.

*Appeal from Clinton District Court.*

FRIDAY, OCTOBER 5.

ACTION AT LAW. The petition avers that defendant is a municipal corporation of the state, and, as such, has full control of streets and drainage within its limits; that the plaintiff is the owner of certain lots in the city situated at the southeast corner of Fourth street and Eleventh avenue, whereon his dwelling house occupied by him is situated. The cause of action is stated in the following language:

"That at the time said house was erected, the grade of Eleventh avenue was established, and that on the north side of said Eleventh avenue, and running east and west, the defendant made a ditch of sufficient capacity to carry off the surface water that might collect in said vicinity, but on the south side of said avenue made no provision for surface water whatever, but in lieu thereof cut a small culvert across said Eleventh avenue, in front of plaintiff's said dwelling house, and connecting with the ditch on north side of Eleventh avenue.

"That in the fall of 1874, defendant negligently permitted,

or gave authority to, the Water Works Company in said city to lay their water pipes along said Eleventh avenue, and in the said ditch on the north side of Eleventh avenue, and that said company, in sinking their pipes and covering up the same, filled up the said ditch so that the filling thereof completely obstructed said culvert across said Eleventh avenue, and destroyed the natural flow and fall of the water that might and does collect on plaintiff's side of said avenue, and causing the same to dam up and back upon plaintiff's said premises, providing no outlet for the same.

"That in the year 1873 defendant graded said Fourth street, and that prior to said grade the water that collected on the east side of said Fourth street was allowed to pass by culvert to the west side of said Fourth street, and thence south to Twelfth avenue, and away.

"That said grade caused the water that accumulated on the east side of Fourth street to run on to [upon] plaintiff's said premises, and defendant negligently made no provision by ditch, culvert or otherwise, for the conveyance of said water across said Fourth street (after closing up the said culvert) or for the conveyance of the same from plaintiff's said premises.

"That in consequence of the negligence and want of ordinary skill of defendant, the plaintiff herein has been injured from water being dammed up at divers times since the fall of 1874, and from the combined effect of these acts, heretofore stated, in the sum of $500.00 as follows."

The defendant demurred to the petition upon the following grounds:

"1.   The facts stated therein do not entitle the plaintiff to the relief demanded.

"2.   The petition shows that the acts complained of, which are set forth as the grounds of recovery, were lawful, and such as the city had the right and the power to perform.

"3.   The first act complained of is that the city made a ditch or drain on the north side of Eleventh avenue in 1866, to carry off the surface water on the south side, but in lieu thereof cut a small culvert across Eleventh avenue, connecting it with said ditch or drain, and afterward, in 1874, in con-

structing the other public improvement, namely, water works, filled up said ditch or drain, thereby obstructing said small culvert, and destroyed the natural fall and flow of the surface water that might collect on the south side of the avenue, and causing the same to back up on plaintiff's premises. The act of filling up said ditch and culvert on the part of the city, and abandoning and discontinuing the same, was lawful, and furnishes no ground or cause of action.

"The remaining act complained of, is that the city in grading Fourth street, in the year 1873, made no provision by ditch, culvert or otherwise, to carry off the surface water that collected on the east side of Fourth street, and that prior to said grading such surface water passed across said street in a culvert, whereby plaintiff was damaged, and in the years 1875 and 1876.

"The city is not required by law to construct a drain or ditch for carrying off surface water.

"5. The petition does not show that the plaintiff exercised any care or diligence ·in endeavoring to prevent the flow of water upon his lot, by filling said lot up to the ˙grade of the street and avenue, or otherwise."

The court sustained defendant's demurrer. Plaintiff electing to stand on his petition, judgment was rendered against him, from which he appeals.

*C. M. Bice*, for appellant.

*E. S. Bailey* and *J. H. Walliker*, for appellee.

BECK, J.—I. The cause of action set out in the first paragraph of the petition is based on the act of the city in author-

1. MUNICIPAL corporation: damages: pleading. izing the water works company to lay water pipes along Eleventh avenue. This act is alleged to have been negligently done by the city. The act charged in the petition cannot be regarded as negligent, for it cannot be claimed that the city had no authority to grant the permission to lay water pipes. Having such authority, the mere exercise thereof cannot be charged as negligence. It is not shown that the grant of the authority was accompanied

by such acts or conditions as would render the city liable for negligence, if liability could be incurred thereby.

The petition alleges that the water company filled up the ditch. It does not show that this act of the company was done with the permission, approval or knowledge of defendant, or that defendant was under legal obligation to keep the ditch open. But, if it be conceded that such obligation rested on defendant, and it is liable for a breach thereof, recovery is not sought, in the first paragraph, on these grounds. It is sought solely on the ground that defendant negligently gave authority to the water works company to lay their pipes along Eleventh avenue. This paragraph is, therefore, obnoxious to the second ground of demurrer, which was properly sustained as to the first cause of action.

II. The question raised by the third ground of demurrer, namely, the right of the city to fill up the ditch and culvert, need not be determined, as the paragraph of the petition against which the objection is directed must be held bad on the second ground of demurrer.

III. The second paragraph of the petition claims to recover on the ground that, by the grading of Fourth street, the water 2. ——: ——: which had accumulated on the east side of that grading of street. street and before had been conducted by a culvert to the west side was caused to run upon plaintiff's premises, and "defendant negligently made no provision by ditch, culvert, or otherwise, for the conveyance of the water across Fourth street (after closing up the said culvert), or for the conveyance of the same from plaintiff's premises." The act of defendant complained of is the negligent causing of the surface water to run upon and accumulate on plaintiff's property and the failure to provide means to conduct it therefrom. The paragraph clearly charges that, by the negligent act of defendant, surface water was collected upon plaintiff's premises and no provision was made for carrying it away. The demurrer assails the petition on the ground that the defendant is not liable for such negligent act. The question of defendant's liability thus raised must be now considered and determined. The identical question here presented has been passed

upon by this court, and a city has been held liable in an action by a lot owner for a negligent act of the precise character of the one alleged in the petition. See *Cotes & Patchin v. The City of Davenport*, 9 Iowa, 227. The act complained of in that case was the construction of a street and alley by erecting embankments, whereby the surface water was caused to run upon the premises of the plaintiff and there accumulate. It was claimed, and in fact was held by the court, that the city was not liable for the act under any statute. The liability of the city, as found by the court, rested solely upon the common law. Upon the trial, at *nisi prius*, the District Court instructed the jury as follows:

"A city, in grading, must act cautiously and skillfully, or [for] the charter will afford no protection for damages which result from the negligent, unskillful or improper exercise of her power. \* \* \* \* \* \* \* \* It was the duty of the city to take care that no unnecessary damage was done, and whether there was such was to be determined from all the facts and circumstances in proof; and, in determining this, the jury will consider the location of the premises, the character of the improvements thereon, and the nature of the work done by the city. That in making such improvements the degree of care required is in proportion to the nature and extent of the injury which will be likely to result from the want of proper care. If, in doing this work, it was practicable for defendant, by temporary drains, to have prevented the injury; and if a prudent and discreet man would have done so, if the risk had been his own, then it was the duty of the city to construct the same. If in filling the street and alley it was practicable for defendant, by leaving openings in the bank, by constructing temporary culverts, or otherwise to have prevented the damage, then it was the duty of the city to do so; and if she did not do so, or did not act cautiously and prudently, that is, as a prudent and discreet firm (man) would act if the risk were its (his) own, then defendant would be liable."

The doctrines of these instructions were fully approved by this court, and they are supported by citation of the author-

ities. It is said in the opinion that " the duty of the city to construct temporary drains, if practicable, in such cases, is expressly recognized in some of the cases cited, and seems to us to be unquestionable. The corporation may not have been liable for failure to enter upon the work, but having elected to act, or to proceed with the grading under the power granted, they must be held responsible for its proper and prudent execution. *The Mayor, etc., v. Furze*, 3 Hill, 612; *People v. Corp. of Albany*, 11 Wend., 543; 3 Comstock, 463, and approved in 4 Ib., 199, 200; 3 Duer, 403. How far it would be the duty to keep up such drains or culverts permanently, and after the plaintiffs had had a reasonable opportunity or time to raise their lot to correspond with the grade, we do not undertake to say, for no such question is made." The doctrines of this case are approved in *Templin v. Iowa City*, 14 Iowa, 59. See *Ellis v. Iowa City*, 29 Iowa, 229. They are also supported by the decisions of other courts. But the contrary rules are not without the support of authority. See Dillon's Municipal Corporations, Sec. 800, and notes, for references to cases upon this question.

The doctrines recognized by this court, as above stated, meet our approval, and they have the authority of precedents which we cannot disturb. We do not feel called upon to further vindicate them.

IV. The second paragraph of the petition alleges that defendant made no provision whatever for relieving plaintiff's lots of the water. We are not called upon to determine the character, extent or duration of the contrivances which the law required the defendant to make in order to protect plaintiff's property. The petition shows that injury resulted because of the utter failure of defendant to provide any means for the escape of the water. The questions pertaining to defendant's duty in this respect should be determined upon the facts as developed at the trial. The want of care and diligence on the part of plaintiff in failing to fill up his lot or otherwise to avert the injury is a matter to be considered in defense of the action as well as the other matters to

which we have just referred. The fifth cause of demurrer was not, therefore, well taken.

V. As we have seen, the law is that defendant must provide temporary escape for the surface water. *Cotes & Patchin v. The City of Davenport, supra.* The petition alleges that defendant made no provision for the escape of the surface water after the closing up of the culvert. The construction of a culvert which is at once closed up is not a compliance with the law requiring a temporary escape for the water. The city being bound to provide a temporary escape, must keep it there for a time at least. How long this temporary escape must be maintained is a question of fact for the jury. It is not involved in this case, which presents only the questions arising upon the demurrer.

In our opinion the demurrer of defendant to the cause of action set out in the first paragraph of the petition was correctly, and as to the other cause of action was erroneously, sustained. The judgment of the District Court must be, therefore, reversed, and the cause be remanded for further proceedings in harmony with this opinion.

REVERSED.

ADAMS, J., *dissenting.*—The petition in this case does not very clearly set forth the facts, but upon examination they will be found to be as follows: The plaintiff's lots are situated upon the corner of Fourth street and Eleventh avenue, in the city of Clinton. In 1873, the grade of Fourth street was raised and the grade of Eleventh avenue was already so high that surface water would have accumulated upon the plaintiff's lots but for a culvert across Eleventh avenue, which was provided by the city for the purpose of drainage. The culvert it appears answered its purpose until the fall of 1874, when it was obstructed by a water company. The city did not reopen it, nor does it appear that any damage occurred by reason of its being closed until the spring of 1875, nor again after that until the spring of 1876. The only damage complained of is set forth in the petition in these words: "That in consequence of the negligence and want of ordinary skill of the defendant the

plaintiff herein has been injured from water being dammed up at divers times since the fall of 1874, and from the combined effects of these acts heretofore stated in the sum of $500, as follows, in the spring months of 1875 and 1876: 1. Damage to cellar cement, $70.00. 2. Damage to fruit and provisions in cellar, $20.00. 3. Damage to foundation to house, $50.00. 4. Damage to health and family convenience, $360."

The city had of course the right to raise the grade of its streets even though it left the plaintiff's lots below grade. It had authority to permit the water company to lay its water pipes, and it did not become liable, as the majority opinion very properly holds, for the obstruction of the culvert by the water company. If it became liable at all, it was for not re-opening the culvert after the water company obstructed it. The majority of the court hold that the petition shows that the city did thus become liable. In this view I am unable to concur. Not only has no decided case gone thus far so far as I have seen, but the general current of authority is quite the other way.

In Dillon on Municipal Corporations, section 798, the learned author, after speaking of municipal liability in respect to natural streams, says: "As to surface water quite different principles apply. This the law very largely regards (as Lord Tenterden phrased it), as a common enemy which every proprietor may fight or get rid of as best he can."

In *Flagg v. City of Worcester*, 13 Gray, 602, the plaintiff was injured by surface water accumulating upon the street, and flowing upon his premises. The question raised was as to whether the city was under obligation to provide drainage to protect the plaintiff's premises. It was held that no such obligation existed. The court said: "As the defendants have done nothing except causing by the construction of public highways the diversion of the course of mere surface water, and as the plaintiff has the means and the right, by protecting his own estate by any necessary or convenient work or structure upon it of avoiding the damage complained of; and for so much of such damage as is incident to the establishment and maintenance of the way has, or might have received full compensation in the manner provided by law upon its loca-

tion, it is obvious that for the causes set forth in this count no action can be maintained against them." In *Hoyt v. City of Hudson*, 27 Wis., 656, the plaintiff was injured by reason of the raising of the grade of a street, whereby surface water was caused to flow upon his premises. It was held that he could not recover. The court said: "The universal understanding and practice is that the owners of lots may fill them up, or change their natural surface to suit their own tastes or convenience, and so as to obstruct or repel the surface water coming from the lots of others without liability for injury, and that the public authorities have the same rights and privileges in regard to streets, squares, and other public grounds." See, also, *Inler v. City of Springfield*, 55 Mo., 119; *Mills v. City of Brooklyn*, 32 N. Y., 489.

But it is said that the case of *Cotes & Patchin v. The City of Davenport* has established a different doctrine for this State. To some extent this is true. In that case it was held that where a city raises the grade of a street it should provide temporary drainage for surface water if necessary for the protection of lots which are thrown below grade. From this it is argued that if the city should provide temporary drainage it should maintain the drainage for a reasonable time thereafter. Conceding this to be the correct doctrine, the time should be only such as would afford a reasonable opportunity to a person of ordinary diligence to bring the lots to grade. Now what does the petition show in this case? The grade of the streets was raised in 1873. The injury complained of occurred in part in the spring of 1876. It does not appear what part, and so for the purpose of this decision we may consider the whole as occurring at that time. In not reopening the culvert so as to afford drainage for the surface water accumulating in the spring of 1876, three years or thereabout after the grade of the streets was raised, I am not prepared to say as a matter of law that the city was *prima facie* negligent. I think that the demurrer to the petition was properly sustained, and that the judgment of the court below should be affirmed.