ADAM ECKERT V. INCORPORATED TOWN OF WALNUT, IOWA, Appellant.

Street Improvement: GRADING: *Ordinance necessary*. Code, 1873, section 465, authorized cities to provide for the grading of streets and alleys, and contained a provision that "no street shall be graded except the same be ordered to be done by the affirmative vote of two-thirds of the city council or trustees." Code, 1897, section 683, declares that no resolution or ordinance for any of the purposes therein set out shall be adopted without the consent of a majority of the whole council; and section 684, relating to ordinances affecting the improvements of streets, declares that no resolution or ordinance for such purpose shall be adopted without the concurrence of two-thirds of the city

council; and section 680 provides that municipal corporations shall have the power to make ordinances to carry into effect their powers, etc.     *Held*, that the fact that the Code of 1897 did not contain the quoted portion of section 465 of the Code of 1873 did not authorize an incorporated town to improve a street without an ordinance or resolution providing therefor.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

### WEDNESDAY, OCTOBER 22, 1902.

ACTION to recover damages caused by the establishment of a street grade.     Judgment for plaintiff, from which the defendant appeals.—*Affirmed.*

*A. L. Preston* for appellant.

*Turner & Cullison* for appellee.

SHERWIN, J.—The defendant cut down the street in front of the plaintiff's property some six or seven feet. At the time this was done no grade had been established thereon, either by ordinance or by resolution, though after the work was done an ordinance was duly passed establishing the grade of said street still lower than it had then been excavated. Section 465 of the Code of 1873 gave cities and towns the power to provide for the grading of streets and alleys, but contained the provision that "no street shall be graded except the same be ordered to be done by the affirmative vote of two-thirds of the city council or trustees." It is conceded by the appellant that under this statute the grade of a street could only be established by an ordinance duly passed, and such is the holding in *Kepple v. City of Keokuk*, 61 Iowa, 653; *Trustees of Diocese of Iowa v. City of Anamosa*, 76 Iowa, 538; *Blanden v. City of Ft. Dodge*, 102 Iowa, 441. It is claimed, however, that, inasmuch as section 782 of the present Code does not contain the provision which we have quoted, no ordinance

is necessary to establish or change such grade. The rights of holders of property abutting public streets are too important to permit cities and towns to establish and alter the grades of their streets without the certainty and publicity given by the passage of public ordinances providing therefor. If no ordinance or resolution were required in such cases, the owner of such property would be practically at the mercy of the ever-changing personnel of the city or town government, and his property rights and values might be shifted at their own sweet will, because of his inability to show their unrecorded vagaries. That such was not the intention of the legislature seems to us clear, for its action must be construed in connection with the law which had previously been declared by this court. Section 4.5 of the Code of 1873 did not specifically require the passage of an ordinance to establish the grade of a street. It only required a certain affirmative vote on the question, and yet it is held in the cases cited that an ordinance was necessary. The vote necessary to pass ordinances or resolutions is provided for in sections 683 and 684 of the present Code, and hence it was unnecessary to reenact the quoted provision of section 465 of the Code of 1873. If the legislature had intended that cities and towns might establish or change grades upon a verbal motion, it would undoubtedly have so said. It does not, however, but, on the contrary, it has provided in section 680 that "municipal corporations shall have power to make and publish * * * ordinances * * * for carrying into effect * * * the powers and duties" conferred by title 5, which covers the subject in controversy. In *Cascaden v. City of Waterloo*, 106 Iowa, 673, we held that an ordinance was necessary for the creation or change of wards in a city, and this though there was no such statutory requirement. The reasoning in that case is applicable here, but with much greater force, for here property rights are directly involved. This construction of the present statute was

also adopted in *Richardson v. City of Webster City*, 111 Iowa, 427, and in *Millard v. City of Webster City*, 113 Iowa, 220. There was no error in setting aside the report of the referees nor in refusing to resubmit the case to them. The report shows a commendable spirit on their part, but it is entirely foreign to the issues presented by the pleadings.

The amount awarded the plaintiff is not excessive, and the judgment is AFFIRMED.