PETER REILLY, Appellees, v. THE CITY OF FORT DODGE, Appellant.

Action to Recover Damage for grading Street: IMPROVEMENT WITH
1  RESPECT TO ESTABLISHED GRADE. Where a city has established a
   street grade, and subsequently an abutting property owner
   makes improvements without regard to such grade, he cannot
   complain of injury when the city fills the street and brings it
   up to the established grade.

Adoption of Grade Ordinance: RIGHT OF CITY TO GRADE STREET:
2  SUBSEQUENT RESOLUTION.   The adoption of an ordinance fix-
   ing a street grade determines the right of a city to enter upon
   the work of grading the street in conformity therewith at
   pleasure, and a failure of the city council to subsequently or-
   der the work by resolution will not give an abutting property
   owner a right of action for damages.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, DECEMBER 20, 1902.

ON October 6, 1893, the city council of the defendant city duly adopted and passed an ordinance by which the grade of Eighth street, in said city, was fixed and established. No change has since been made in such established grade. Said Eighth street is intersected at right angles by avenues numbered from One to Four, inclusive. During all the time in controversy, plaintiff has been the owner of certain lots fronting on said Eighth street, and lying between Third and Fourth avenues. At the time of the passage of said ordinance, plaintiff's property was wholly unimproved, and the natural surface thereof, as well as that of Eighth street, in front, was below the level of the grade as so established. During the years 1895 and 1896, plaintiff proceeded to improve his property by erecting houses

and planting trees thereon.   It appears that in so doing
no reference was had to the established grade, attention
being paid only to the natural surface of the lots and of
said street.   During the year 1897 some filling work was
done on the street in front of plaintiff's property; such
work being done un.ler the direction of the street com-
missioner of the defendant city, but without any special
direction or express warrant of authority from the city
council therefor.   On May 25, 1900, the street commissioner,
by direction of the chairman of the council committee
on streets and alleys, proceeded to, and did take up the
sidewalk in front of plaintiff's property, and fill the street
to the level of the established grade.     Prior to the com-
mencement of such work, no resolution had been adopted
or passed by the city council ordering such grading work
to be done.   It appears that the failure to adopt such a
resolution was an oversight, and on May 29, 1900, a meet-
ing of the city council was held, and a resolution ordering
said street to be filled and brought to grade regularly
adopted.   At the time of the adoption of such resolution,
the work of filling the street had been practically complet-
ed, and immediately thereafter the remainder of the work
was done.   This action is brought by plaintiff to recover
damages to his property which he alleges were caused by
such filling of said street.   There was a jury trial, verdict
and judgment for plaintiff, and the defendant appeals.—
*Reversed.*

*M. J. Mitchell* for appellant.

*Botsford, Healy & Healy* for appellee.

BISHOP, J.—The court below gave to the jury an in-
struction as follows:  "You are instructed that the acts
and proceedings of the city council of Ft. Dodge, so far as
they have been offered in evidence, were not sufficient in
law to authorize the street commissioner or other city

officers to grade and fill the street in front of plaintiff's property. If you find that by the grading and filling of said street the plaintiff's property sustained any material injury or damage, the questions then for your consideration, are: First. Was the plaintiff's said property in fact damaged by reason of the filling and grading of the street in front thereof, as claimed by him? Second. If it was so injured or damaged, what was the extent or amount thereof?''

No question is made concerning the adoption of the grade ordinance, nor is it denied that such ordinance was in force as originally adopted. In view thereof, and of the oth 'r conceded facts in the case, it is apparent that the court below proceeded upon the theory that some further action, to be formally taken by the city council was necessary, before the work of bringing the street in question to the established grade could be lawfully done, and liability for damages avoided. Such was the contention of appellee in the court below, and such is his reliance in this court. On the other hand, appellant contends that, a grade for said street having been established before any improvements were made by appellee upon his property, he cannot be heard to complain because the street was thereafter filled and brought to the grade as established, and that such is true even though no resolution was adopted directing the work to be done prior to the time such work was actually commenced.

That no remedy exists at common law to recover for injury and damage to abutting property caused by bringing streets into conformity with an established grade must

1. IMPROVEMENT with respect to established grade.

be conceded. The liability on the part of cities in such cases depends wholly upon some statutory provision creating the same. *Cotes v. City of Davenport*, 9 Iowa, 227; *Kepple v. City of Keokuk*, 61 Iowa, 653. Section 782 of the Code provides that a city "shall have power to establish grades, and provide for the grading of any street, * * * the expense thereof

to be paid from the general or grading fund," etc. It is to be observed that, in connection with such grant of authority, no statutory provision exists, authorizing a recovery of damages by an owner of abutting property on account of a surface change in the street, made in bringing the same to grade. The only provision of the statute authorizing a recovery of damages by an owner of abutting prope ty on account of the work of street grading is section 785. That section declares, in substance, that when a street grade, has once been established, and abutting property has been improved in accordance therewith, or having reference thereto, and such grade shall thereafter be altered so as to work injury and damage to the abutting property so improved, the city shall pay the amount of such damage.

Now, manifestly, such provision of the statute has no application to the case before us. We are not dealing with a change in or alteration of an established grade. On the contrary, we have simply a case where the work complained of was incident to bringing the surface level of the street in question up to the initial grade established therefor. It seems that, in making improvements upon his property, appellee chose to ignore the fact that a grade for the street had been established. He failed to take into account that when the street should ultimately be filled in to bring the surface thereof to grade, his property would be left considerably below the level of such grade surface. It is well settled, that under such circumstances, the proceedings under which the work is done being regular, no recovery can be had. *Cotes v. City of Davenport*, supra, *Templin v. Iowa City*, 14 Iowa, 59; *Ellis v. Iowa City*, 29 Iowa, 229; *Ross v. City of Clinton*, 46 Iowa, 606. And in *Kepple v. City of Keokuk*, supra, we held that such is the rule even where the improvements were made prior in point of time to the establishment of the grade.

We think it is not going too far to say that the owner of property abutting on a public street may well be held to know that at some time in the future a grade will be established for such street, or, if a grade has been established, that at some time in the future the surface of the street will be brought into conformity therewith.  If, therefore, he elects to improve his property, having no reference to such probable contingencies, he must be held to be rem diless in respect of any consequent injuries to his property.

But it is said—and such seems to have been the theory entertained by the trial court—that the failure on the part of the city council to adopt a resolution directing

2. Adoption of grade ordinance: right of city to grade street: subsequent resolution.

the work of grading to be done takes the case out from the operation of the general rule, and, such being the fact, this action can be maintained.  Now, that a street grade can be established only by ordinance regularly adopted is well settled.  *McManus v. Hornaday*, 99 Iowa, 507; *Blanden v. City of Ft. Dodge*, 102 Iowa, 441.  See, also, *Kepple v. City of Keokuk, supra*, and *Eckert v. Incorporated Town ot Walnut*, 117 Iowa, 629.  In *Kepple v. City of Keokuk*, we said:  ''Establishing a grade does not mean the actual lowering or raising the surface of the street.  It means the fixing of a base line or plane of reference, and certain meas rements from that plane.  Where that has been done by ordinance, and the measurements made, the owners of property, by an examination of the records of the council, may readily determine the established grade in the streets adjacent to their property.  They can ascertain by such an examination where the surface of the street will be, when brought to the established grade.''  That in the case before us an ordinance establishing a grade for the street in question was regularly adopted is one of the uncontroverted facts in the case.

Conceding now that a resolution of the council directing the work to be done was necessary to correct procedure, still we are unable to see how a failure to formally adopt such resolution before proceeding with the work can give rise to a right of action to recover damages to abutting property. The city becomes invested with the right to bring the street to grade at once upon the adoption of the ordinance. Thereafter all property abutting on the street becomes subject to interference to the extent involved in the work of lowering or raising the surface of the street to conform to the grade established. This right on the part of the city is not taken away by failure to act in the premises within any given period of time; nor does there seem to be any good reason for saying that its rights are in any sense diminished or destroyed by the mere fact that its officers have proceeded to act before the adoption of a formal resolution by the council, no special damages being alleged or proven. In either case the essential right remains.

That an owner of abutting property has the right to demand that the requirements of law shall be strictly followed may readily be admitted. It is equally true, however, that such right is no different or greater than that possessed by every other property owner of the city. The failure to adopt a resolution before proceeding with the work amounts, at best, to nothing more than a failure to observe and comply with a matter of form incident to the proceedings to carry into effect a legal right of which the city was already in the full enjoyment. True, the owner of abutting property or any other property owner in the city, for that matter, may have the right to institute proceedings intended to compel compliance with law on the part of the city council. And we are not to be understood as holding that a failure on the part of a city council to observe the requirements of law in the matter of its proceedings may not in some cases result in special injury to

a private right, and thus give rise to an action to recover special damages. But no such action is maintainable, save upon allegation and proof of special interference with a private right, of which the complaining party had theretofore been in the enjoyment, and of which he had not, in fact or in law, become divested.

What we hold is that the adoption of a grade ordinance operates to fix the right of the city to enter upon the work of grading at the pleasure of the council, and in respect of this no notice is required; no fixed time need be observed. As a necessary corollary, by force of such ordinance the owners of abutting property become divested of all right of protest and of interference with a proper performance of the grading work. *Farmer v. City of Cedar Rapids*, 116 Iowa, 322.

It is to be remembered that the fee of the street is in the city, and full control over the same is made a matter of statutory right. An owner of abutting property has no interest in the street, as such, other or different from that possessed by the general public. The theory upon which he is given a right of private action in case of change of established grade is that, having made improvements in accordance with the grade as first established, he has been misled to his injury. Strictly speaking, it may be conceded that a city council must act in such cases through the medium of an ordinance or resolution. It is evident that in the case at bar the failure to adopt a resolution was an over sight, and, attention being called thereto, one was adopted by the council during the pendency of the work. We know of no reason why the council may not thus ratify what had already been done, and direct the completion of the work. Be this as it may, there is no accepted principle giving rise to a private right of action, theretofore having no existence, predicated solely upon the fact conditions thus presented.

The cases of *Trustees of Diocese of Iowa v. City of An-amosa*, 76 Iowa, 538, and, *Blanden v. City of Ft. Dodge* 102 Iowa, 441, in so far as seemingly in conflict with the doctrine we here announce, may readily be distinguished. Those cases were decided under the authority of section 465 of the Code of 1873, which contained an absolute prohibition upon proceeding with street grading work until ordered by an affirmative vote of two-thirds of the city council. The present statute contains no such provision.

We reach the satisfactory conclusion that there was error in submitting the case to the jury upon the theory embodied in the instruction we have quoted, and the case must be reversed and remanded for further proceedings in harmony with the views expressed in this opinion.
—REVERSED.