MRS. ERTEL WILBER, Appellee, v. THE CITY OF FORT DODGE, Appellant.

|120|555|
|---|---|
|122|690|
|120|555|
|f125|353|

**Municipal Corporations.** STREET GRADES: IMPROVEMENTS: DAMAGES.
1   A property owner making improvements prior to the establishment of a street grade cannot recover damages caused by bringing the street to a grade thereafter legally established.

**Grading Streets:** RESOLUTION: DAMAGES. Failure of a city-council
2   to adopt a resolution ordering the work of bringing a street to grade, in the absence of an allegation and proof of special damages on account of such failure, will not create a right of action in favor of a property owner for damages resulting in bringing such street to grade.

**Liability of City in Grading Streets:** DAMAGES. A city may be
3   liable in damages for grading a street, though done in accordance with an ordinance, if thereby the natural drainage is destroyed and no adequate provision is made for disposing of the surface water.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, MAY 21, 1903.

PLAINTIFF is the owner of lot 1, block 56, original town of Ft. Dodge. Said lot faces east on Eighth street, and is bounded on the south by Third avenue. It extends to the west one hundred and twenty feet to a north and south alley. This action is brought to recover damages to

said lot occasioned by the raising of the physical grade of said street, avenue, and alley. There was a jury trial, and verdict and judgment for plaintiff. The defendant appeals.—*Reversed.*

*M. J. Mitchell* and *Wright & Nugent* for appellant.

*Kenyon & O'Connor* and *Healy Bros. & Kelleher* for appellee.

BISHOP, C. J.—The petition is in two counts. In the first count, damages in the sum of $2,000 are claimed on account of the change made by the city in filling the street and avenue by which plaintiff's lot is bounded. Under this count and the answer thereto, the case made is substantially the same as that in *Reilly v. Ft. Dodge,* 118 Iowa, 633. The lot involved in the *Reilly Case* and the lot owned by this plaintiff adjoin, and the street grading, on account of which damages were sought to be recovered by Reilly, was the same general piece of work in connection with the performance of which this plaintiff relies to sustain her cause of action. Excepting the respects immediately to be taken note of, the facts in this case may be ascertained, therefore, by reference to the statement and opinion in the case referred to. Counsel for appellee contend that this case differs from the *Reilly Case,* in that (1) the principal improvements upon the lot of plaintiff were made before the adoption of the ordinance by which the grade of the streets was legally established; (2) in this case it is not made to appear that any resolution authorizing or directing the work of filling the street to the level of the established grade was adopted by the city council prior to the completion of the work.

The first ground of contention may be disposed of by reference to the case of *Kepple v. Keokuk,* 61 Iowa, 653. It was there held that if a property owner makes improve-

ments before a grade for the street is established, he

**1. STREET grades; improvements; damages.**  cannot recover damages occasioned by the work of bringing the street to the grade as thereafter legally established. See, also Farmer v. Cedar Rapids, 116 Iowa, 322.

As we think, the second ground of contention is not well taken. Counsel for appellant say in their argument that the resolution of date May 29, 1900, which was re-

**2. GRADING streets; resolution; damages.**  ferred to in the Reilly Case, does not appear in this record, because of an oversight. Be this as it may, the fact that no resolution was adopted cannot be seized upon as giving a right of action for damages where otherwise no such right could be said to exist. Under the present Code an affirmative vote of two-thirds of the members of the city council, before proceeding with the work of bringing a street to established grade, is not required in terms as was the case under section 465 of the Code of 1873. The cases of Trustees v. Anamosa, 76 Iowa, 538, and Blanden v. Ft. Dodge, 102 Iowa, 441, cited and relied upon by counsel for appellee, were based upon the earlier statute, and therefore are not controlling as applied to a case arising under the present statute. As we said in the Reilly Case, "the failure to adopt a resolution before proceeding with the work amounts, at best, to nothing more than a failure to observe and comply with a matter of form incident to the proceedings to carry into effect a legal right of which the city was already in the full enjoyment." No special damages arising out of the failure to adopt a resolution ordering the work done are alleged or proven, and certainly such failure could not operate to invest the plaintiff with the right to recover damages not referable thereto in any sense. In this case an instruction was given identical with the one quoted in the opinion in the Reilly Case. It follows from what we have said that, as applied to the case made under the first count of the petition, the giving of such instruction was error

II.   A different question arises under the allegations
of count two of the petition in this case.   It is there said,
in substance, that the grading of the alley at the rear of

**3. LIABILITY of city in grading streets; drainage.**   plaintiff's lot had the effect to dam up a natural water course, and that no adequate provision was made to carry off the water
collecting thereon.   It does not appear that the alley in
question was included, in terms, in the provisions of the
ordinance establishing a grade for the street.   Whether
the adoption of such ordinance had the effect, in legal
contemplation, to establish a grade for alleys intersecting
the streets named, is a question not presented in the argu-
ments of counsel.   Be that as it may, we have held that a
city may be liable for damages caused by the grading of
a street, even though done in accordance with the pro-
visions of a grade ordinance, if thereby the natural drain-
age is destroyed, and no adequate means is provided for
the escape of surface water.   *Ellis v. Iowa City*, 29 Iowa,
229; *Ross v. Clinton*, 46 Iowa, 606; *Morris v. Council
Bluffs*, 67 Iowa, 343.   So, too, we have said that dam-
ages may be recovered in a case where abutting prop-
erty was injured by grading work done in a street for which
no legal grade had been established by ordinance as re-
quired by law.   *Richardson v. Webster City*, 111 Iowa, 427.

The matters complained of in both counts of the
petition were submitted to the jury for one verdict, and
we may presume, therefore, that the verdict, as found,
was predicated in part upon each of such counts.   As the
judgment must be reversed because of the matters aris-
ing under the first count of the petition, and as the record
may not be the same upon a retrial of the action, we ex-
press no further opinion upon the questions raised by the
allegations of the second count of the petition, as the same
appear in the record now before us.   It is sufficient to say
that, for the reasons pointed out, the judgment was erron-
eous.   It is accordingly reversed, and the cause remanded
for further proceedings according to law.—REVERSED.