MARTHA M. MARKHAM, Appellant, v. THE CITY OF ANAMOSA.

| 122 | 689 |
|-----|-----|
| 127 | 661 |
| 122 | 689 |
| 131 | 215 |
| 122 | 689 |
| 133 | 584 |
| 133 | 585 |
| 122 | 689 |
| 138 | 72 |

Streets; GRADING. A city is liable in damages to an abutting 1 property owner for cutting down the street except for the purpose of bringing it to a grade established by a valid ordinance.

Adoption of Ordinance: GRADING STREETS: DAMAGES. Where 2 the records of a city council show that several ordinances were adopted upon one motion and recite but a single roll call, the court cannot presume that a separate yea and nay vote was taken on the passage of each ordinance in compliance with Code, section 683. A grade ordinance thus adopted is void, and a city is liable to an abutting lot owner for damage to his property caused by grading the street in pursuance thereof.

Adverse Possession. The owner of abutting property does not 3 acquire title by adverse possession to the land lying between the lot line and the edge of the sidewalk merely by occupancy and assertion of title for a period of ten years.

*Appeal from Jones District Court.*—HON. W. N. TREICHLER, Judge.

WEDNESDAY, FEBRUARY 10, 1904.

ACTION to recover damages for cutting down the street in front of plaintiff's premises. The court directed a verdict for defendant. From judgment thereon, plaintiff appeals. —*Reversed.*

*George H. Bennett* and *Herrick & Bauder* for appellant.

*Park Chamberlain, F. O. Ellison,* and *B. H. Miller* for appellee.

. . McCLAIN, J.—Prior to 1871 plaintiff was the owner of certain premises abutting on one of the streets of defendant city, on which was a dwelling, and has continued to occupy such premises as a residence ever since. The front-

age of plaintiff's premises on the street is on the side of a hill, which is quite steep. Prior to 1888 a plank sidewalk had been constructed on the natural surface in front of the premises, which sidewalk remained without change as to location until the cutting down of the street hereafter referred to. In 1888 an attempt was made to pass an ordinance fixing the grade of the street, and the question whether this ordinance is shown to have been legally adopted is one of the questions in the case. In 1901 the defendant city attempted to bring the street to grade by cutting it down in front of plaintiff's premises, and using the dirt for filling on the opposite side of the street and elsewhere. In thus excavating, the city removed the dirt on which the sidewalk had rested, and, as plaintiff claims, cut back three feet into her lot. These are the two grounds of recovery relied upon which it is necessary to consider, it being conceded that the value of plaintiff's premises has been materially affected by the grading of the street.

I. It is well settled in this state that the city is liable for any damages occasioned to an abutting property owner by cutting down the street in front of his premises, except **1. STREETS; grading.** for the purpose of bringing the street to an established grade, and that a grade can be established only by ordinance. Therefore, if the ordinance by which it was attempted to fix a grade was not lawfully adopted, the excavation of which plaintiff complains was wrongful, and she is entitled to recover such damages as she has suffered. *Millard v. Webster City,* 113 Iowa, 220; *Eckert v. Walnut,* 117 Iowa, 629; *Reilly v. Ft. Dodge,* 118 Iowa, 633; *Wilbur v. Ft. Dodge,* 120 Iowa, 555.

It is material, therefore, to determine whether the ordinance relied upon as passed in 1888, establishing a grade in this street, was lawfully adopted. With reference to the **2. ADOPTION of ordinance: grading streets: damages.** adoption of ordinances, it is required that "the yeas and nays shall be called and recorded." Code, section 683. And this was the statutory requirement at the time that the ordinance in question was

acted upon.  The only evidence as to what was done at the time this ordinance was put on its passage is found in the record of the proceedings of the council for that day, which is as follows:  "Object of meeting stated by mayor to be the adopting ordinance for building sidewalks and rebuilding sidewalks on the established grades, and adopting the ordinance establishing the grades established by survey made by G. A. Mitchell, civil engineer, governing all streets, etc., of the city of Anamosa, Iowa, the same having been passed on second reading, and all of the above named ordinances, being for the third time read wholly and by title, were on motion adopted and established by the council, together with the amendment of section 1st by adding, 'And on north side of Main street, from Davis to Division street,' and, the vote being called for, such adoption and establishment stood, yeas, Washington, Scroggs, Johnson, Waters, Joslin, and Harvey, nays, none, and all of said ordinances declared unanimously adopted."  The objection made with reference to the action of the council as shown by this record is that it does not appear that the yeas and nays were called and recorded as to each of the ordinances referred to therein, but that, on the contrary, those ordinances appear to have been submitted and acted upon jointly, and not separately.  It must be conceded that if, as matter of fact, the ordinances referred to were together submitted and voted upon, they were not adopted as the statute requires.  It is essential, under the statutory language, that as to "every" ordinance (that is, as to each ordinance acted upon) the yeas and nays shall be called and recorded.  This is in accordance with the plain language and the policy of the statute.  *Campbell v. Cincinnati,* 49 Ohio St. 463 (31 N. E. Rep. 606); *Bloom v. Xenia,* 32 Ohio St. 461.

The only difficulty we have is in determining whether the record shows that the ordinances referred to were acted on jointly, or whether we may presume that the council acted lawfully, and that the yeas and nays were called as to each ordinance.  If we can presume that the yeas and nays were

called as to each ordinance, and that the vote as to each was the same, then, perhaps, the result of the vote as to each ordinance is sufficiently recorded. Counsel for appellee cite many authorities as to the presumption which should be entertained in favor of the regularity of the action of the city council; and we are willing to accede to the proposition that, as to any matter not required to be made of record, the action of the council will be presumed to have been regular and lawful, and such as the statute requires. *Brewster v. Davenport,* 51 Iowa, 427; *State v. Vail,* 53 Iowa, 550; *Eldora v. Burlingame,* 62 Iowa, 32; *Preston v. Cedar Rapids,* 95 Iowa, 71; *Duluth v. Krupp,* 46 Minn. 435 (49 N. W. Rep 235); *Downing v. Miltonvale,* 36 Kan. 740 (14 Pac. Rep. 281). This is analogous to the rule with reference to the proceedings of legislative assemblies. *State ex rel. v. Frank,* 60 Neb. 327 (83 N. W. Rep. 74); *Territory ex rel. v. O'Connor,* 5 Dak. 397 (41 N. W. Rep. 746, 3 L. R. A. 355); *Miesen v. Canfield,* 64 Minn. 513 (67 N. W. Rep. 632). But a specific requirement that the yeas and nays· be called and recorded is mandatory, and, if the record as to the adoption of the ordinances does not show such action, no presumption can be entertained that it was complied with. *Olin v. Meyers,* 55 Iowa, 209; *Pickton v. Fargo,* 10 N. D. 469 (88 N. W. Rep. 90). We come back, then, to the simple question whether the record of the proceedings of the council shows that the ordinance in question, separate and apart from the other ordinance which appears to have been under consideration at the same meeting, was adopted on a call of the yeas and nays. We think it would be doing violence to the ordinary construction of the language used to say that it indicates that the ordinances were adopted separately, and that the yeas and nays were called as to each; and we cannot put any such interpretation upon the language used, even by the aid of the presumption in favor of regularity. It seems to us that the recital is conclusive that "all of the above-named ordinances * * * were, on motion, adopted and established by the council," as the result of one calling of the

yeas, and nays.   The record does not show that the yeas and nays were called separately on the ordinance in question, and that is essential to the validity of the action of the council. We do not base our conclusion on the word "together," as found in the record above set out.   That word is probably to be construed as relating to the amendment referred to.   As this is the only ordinance relied upon as justifying the excavation of the street in front of plaintiff's premises, and as there is some evidence tending to show that the wrongful excavation resulted in damage to plaintiff, the court erred in directing a verdict for the defendant.

II.   With a view to a new trial, the other ground of recovery should be considered.   In reference to the cutting away of the front of plaintiff's lot three feet back of the sidewalk as previously existing, the contention for appellant is,
3. ADVERSE      not that the excavation was carried beyond
   possession.   plaintiff's lot line as established by the plat,
but that, by occupancy and assertion of title up to the edge of the sidewalk for more than ten years, plaintiff had acquired title to that line, which thereby has become, as against the city, the boundary line of plaintiff's lot.   We think there is no merit in this contention.   The ordinary rule as to adverse possession does not apply as against a public corporation. *Waterloo v. Union Mill Co.*, 72 Iowa, 437.   The mere inaction of the city officials will plainly not amount to such acquiescence in an erroneous boundary line, asserted by occupancy alone, as to bar the rights of the public in a portion of the street or highway thus occupied; and the doctrine of *Miller v. Mills County,* 111 Iowa, 654, to the effect that, as between private owners, acquiescence for ten years in a line which one of them claims to be the true boundary, and which the other, with knowledge of such claim, does not question, is not applicable to the boundaries of streets and highways, as between the property owner and the public.   It is true, we have held that municipal corporations may be estopped by acquiescence in the assertion of right to a portion of a street or highway by an adjoining property owner; but in all such

cases there has been some improvement made or money expended by the property owner in reliance on the acquiescence of the officers of the municipal corporation, such as to give rise to an equitable estoppel. See *Johnson v. Burlington,* 95 Iowa, 197; *Uptagraff v. Smith,* 106 Iowa, 385; *Weber v. Iowa City,* 119 Iowa, 633. The distinction is pointed out in *Blennerhassett v. Forest City,* 117 Iowa, 680, in which case the following language is used at page 686: "We have many times decided that the statute of limitations will not run against a municipality to prevent the exercise of its governmental functions, but have just as often held that a town or city may estop itself from opening a street or alley which has been occupied for many years by a private person under claim of right." And the court reaches the conclusion in that case that, in view of the improvements made on premises through which an alley had been laid out but never opened, the city was estopped from asserting that previous proceedings to vacate the alley were not valid. If, in the case before us, valuable improvements had been made under a claim of right to occupy up to the edge of the sidewalk as the lot line, perhaps the defendant might be estopped from asserting any rights in the street back of the line of the sidewalk. But it is so notorious that sidewalks are not built flush with the lot line that it would require persuasive evidence to convince us that the ordinary occupancy of a lot with a sidewalk in front of it had extended the title beyond the line as indicated by the plat, and up to the very edge of the sidewalk itself.

For the error pointed out in the first division of this opinion, the judgment of the lower court is REVERSED.