ISABEL COLLINS, Appellant, v. THE CITY OF IOWA FALLS, IOWA, Appellee.

Municipal corporation: PASSAGE OF ORDINANCES: SUFFICIENCY OF RECORD. The record of a city council showing that an ordinance was passed under a suspension of the rule requiring that it be read at three separate "meetings" instead of on three "different days," as provided in the statute, while not strictly in conformity with the statute is held in this case, in view of the fact that the record shows its final passage by an unanimous vote of all councilmen present, one being absent, to be sufficient to show that three-

fourths of the council dispensed with the rule requiring an ordinance to be read on three "different days."

**Same:** ESTABLISHMENT OF STREET GRADES: ORDINANCE. Where a city has once established a street grade by an ordinance duly and properly adopted, it may bring the street to the established grade without any further ordinance or resolution directing that the work should be done.

**Same:** GRADING OF STREETS: DAMAGES. Where a property owner has improved his property after the establishment of a street grade, but before the street has been actually brought to the grade, he is not entitled to damages from the city by its act in subsequently bringing the street to the established grade.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, MARCH 9, 1910.

THIS is an action for damages by an abutting property owner against the city resulting from bringing a street to the established grade, and thereby rendering the plaintiff's residence inaccessible from such street. At the close of plaintiff's evidence, there was a directed verdict for the defendant. Plaintiff appeals.—*Affirmed.*

*George Ward* and *Richard & Coe,* for appellant.

*F. M. Williams,* for appellee.

EVANS, J.—The plaintiff was the owner of a residence property in Iowa Falls, a city of the second class. This property abutted upon College Street for a distance of one hundred and thirty-two feet. In 1894 a grade had been established for the streets of the city by a purported ordinance. Such grade as so established for the street by said plaintiff's property was about ten feet lower than the natural surface of plaintiff's ground. Many years ago the street was excavated to the extent of three feet in depth and plaintiff's property was improved with reference to such

excavation, such improvement consisting of a terrace and retaining wall and cement sidewalk and street curbing and parking. In 1907, without any formal ordinance or resolution, the city authorities proceeded with a further excavation of the street and brought the same to the grade previously established, and thereby isolated plaintiff's property, and rendered it practically unsalable. That plaintiff was seriously damaged is undoubted, and the question is not in dispute before us.

I.    The only question is whether under the statutes the plaintiff has any remedy against the city; or, to put it in another way, whether the statute conferred upon the city authorities the absolute right to do what was done, and to do it in the way in which it was done. The alleged grade was established, if at all, by Ordinance No. 156.

1. MUNICIPAL CORPORATIONS: passage of ordinances: sufficiency of record.

Appellant attacks the validity of this ordinance upon the ground that it was not passed in accordance with the provisions of the law then in force, viz., section 669 of the Code of 1888, and section 682 of the present Code. Under this section it was required that an ordinance be fully and distinctly read on three "different days" unless three-fourths of the council should dispense with the "rule." Ordinance 156 was not read on three different days. The record of its passage is as follows: "Old ordinance committee offered Ordinance 156, an ordinance establishing grades. Upon motion of Caldwell, the rules respecting the reading and passing of ordinances on separate meetings were suspended and same carried. Upon motion of Rinehart, second of Taylor, the readings and the adoption of the ordinance passed by the following vote." The record shows an aye and no vote, the five councilmen present, and the mayor all voting aye. One councilman was absent. The criticism upon the formalities of the vote suspending the rules is that the word "meetings" was used therein in lieu of "days." That these words are not identi-

cal in meaning must be conceded. In *Cutcomp v. Utt*, 60 Iowa, 156, it was held that one meeting might be so extended by adjournment as to include several days, and that it was sufficient if an ordinance be read on three different days, even though it was at the same adjourned meeting. It will be noted that the quoted section of the statute refers to this requirement of formality as a "rule," and provides that it may be dispensed with by three-fourths of the council. The question is, therefore, whether it fairly appears from the record of enactment before us that three-fourths of the council did dispense with that "rule." The motion to suspend was not strictly accurate in the terms used. Taking the whole record, however, which must include the final unanimous vote upon the ordinance, we think it would be unduly technical to hold that the verbal inaccuracy noted was fatal to the ordinance. In other words, we think that the record presented disclosed beyond all fair question that three-fourths of the council did dispense with the "rule."

II. The principal point, however, urged by appellant, is that no resolution or ordinance of the city council was ever adopted ordering the excavation of the street or the bringing of it to the established grade. Section 782 is as follows: "They (the city council) shall have power to establish grades and provide for the grading of any street . . . the expense thereof to be paid from the general or grading fund, or from the highway or poll taxes of such city or town or partly from each such fund." It is urged that the language of this section contemplates some formal resolution or ordinance directing such excavation or grading; that the section confers upon the council authority to "provide for the grading of any street;" and that the method of exercising such authority must be in the form of a motion, resolution, or ordinance of the council acting as such. The difficulty with this position is that

2. Same: establishment of street grade: ordinance.

it was very fully considered in the case of *Reilly v. Ft. Dodge,* 118 Iowa, 633, and *Wilbur v. Ft. Dodge,* 120 Iowa, 555, and the conclusion there reached was adverse to appellant's present contention.   There is much to be said by way of argument for appellant's contention.   If the question were an open one, the writer would incline that way.   Such also was the view of another of the present membership of this court who presided on the trial bench in the trial of the Ft. Dodge cases.   But argument on the question must be deemed foreclosed by the conclusion reached in these cases.   It is urged by appellant that in the consideration of those cases the court lost sight of sections 792 and 793, which provided for a three-fourths vote of the council for the adoption of any resolution or ordinance undertaking street improvements.   There is nothing in the opinions in those cases indicating any oversight of this kind, nor can we assume that such sections were overlooked.   Indeed, we are clearly of the opinion that such sections afford no aid to appellant's position. Section 782 alone would bear the construction contended for by appellant except as to a three-fourths vote.   But the construction thereof adopted by this court in the cited cases is not at all inconsistent with sections 792 and 793 and 818.   Those sections occur in a succeeding chapter, and have manifest reference to those improvements for which special assessment may be made upon abutting property.   Our conclusion is that the city authorities were within their legal rights in making the excavation complained of.

It is perhaps regrettable that the power to mar a beautiful little city or a beautiful location therein should be conferred upon any one.   One of the attractive features of such a city is often the gently undulating surface of its lots and streets.   The wisdom of establishing a grade line in such a case ten feet below the natural surface of the ground at any

3. SAME:
grading
of streets:
damages.

point is not apparent to the casual observer. The ideas that dominate in such cases are sometimes extremely professional and mathematical and notional, and result in exasperating hardships to adjoining property owners. But the power of judgment and decision must be conferred upon some one. We are impressed from this record with the extreme hardship of plaintiff's case, but the statutes on the subject are controlling, and she is without legal right or remedy against the city.

The order of the trial court must be *affirmed.*

WEAVER, J., took no part.