CITY OF BLOOMFIELD, Appellee, v. ISAAC BLAKELY, Appellant.

**MUNICIPAL CORPORATIONS:** Ordinances—Enactment Without
1 **Three Readings.** Proposed ordinances may be passed at a single meeting of the council, and without three readings, when the statutory rule for reading ''on three different days'' is properly dispensed with.

**MUNICIPAL CORPORATIONS:** Ordinances—Presumption of Third
2 **Reading.** Record on the consideration of a proposed ordinance held to generate a presumption that the bill was read a third time.

**MUNICIPAL CORPORATIONS:** Ordinances—Motion for Final Passage.
3 An ordinance is sufficiently placed before the council for final passage by a motion ''*that said bill for ordinance be placed of record for final passage,*'' when the record further shows that the rule for three separate readings had been dispensed with, and that the bill had been properly read immediately preceding the making of such motion.

*Appeal from Davis District Court.*—D. M. ANDERSON, Judge.

OCTOBER 18, 1921.

DEFENDANT was convicted in mayor's court of violation of an ordinance of the city of Bloomfield, regulating the speed of automobiles upon the public streets. He appealed to the district court, where the action of the mayor's court was sustained, and he now prosecutes his appeal to this court.—*Affirmed.*

*Buell McCash,* for appellant.

*John F. Scarborough,* for appellee.

FAVILLE, J.—I. An information was filed in the mayor's court of the appellee city, charging the appellant with violation· of Ordinance No. 226 of said city. The said ordinance fixes the speed limit of automobiles upon the streets of said city.

1. MUNICIPAL CORPORATIONS: ordinances: enactment without three readings.

The question for our determination is whether or not the ordinance in question was legally adopted by the city council. The record of the proceedings of the city council respecting the adoption of said ordinance has been certified to us. Said record is as follows:

"Council Chamber, Bloomfield, Iowa,
"October 19, 1915.

"Council met· in adjourned session, as per adjournment taken October 12, 1915, with following members and officers present:

"E. N. Bezzenberger, Mayor; J. H. Leon, J. L. Spurgeon, J. M. Owsley, J. L. Barrickman, Councilmen (John Hutchings, absent); J. F. Scarborough, City Attorney, R. C. Bristow, City Treasurer and Manager, E. Z. Morrow, City Clerk.

"J. L. Spurgeon offers resolution, sec. by Owsley, that the bill for Ordinance 226 be read. On roll call, vote was as follows: Yeas: Leon, Spurgeon, Owsley, and Barrickman. Nays: None. Resolution carried.

"Bill for Ordinance 226 then read carefully by City Atty. Scarborough, after which the matter was open for discussion.

"Motion by Owsley, sec. by Leon, that rule requiring reading of bill for ordinance on three separate days be dispensed with, and that the reading just made be the first reading. On roll call, vote was as follows: Yeas: Leon, Spurgeon, Owsley, and Barrickman. Yeas, 4. Nays: None. Motion carried.

"The above-named bill for ordinance then read by Atty. Scarborough the second time.

"Motion by Spurgeon, sec. by Leon, that. bill for Ordinance 226 be placed on its third reading.. On roll call, vote was as

follows: Yeas: Leon, Spurgeon, Owsley, Barrickman. Yeas, 4. Nays: None. Motion carried.

"Motion by Owsley, sec. by Barrickman, that said bill for ordinance be placed of record for its final passage. On roll call, vote was as follows: Yeas: Leon, Spurgeon, Owsley, and Barrickman. Yeas, 4. Nays: None."

Upon this record, it is the contention of the appellant that the said ordinance was never legally adopted.

Section 682 of the Code provides as follows:

"Ordinances of a general or permanent nature, and those for the appropriation of money, shall be fully and distinctly read on three different days, unless three fourths of the council shall dispense with the rule."

It appears from the record that a motion was properly made and seconded that the rule requiring reading of the ordinance on three separate days be dispensed with, and no question is raised that three fourths of the council voted to dispense with the rule.

It is contended, however, that the record fails to affirmatively show that the ordinance was read a third time after the rule had been dispensed with. It must be conceded that the record makes no specific recital in regard to the reading of the ordinance a third time. It does appear from the record that the ordinance was read by the city attorney a first and second time. After the second reading, it appears that a motion was made that the ordinance be placed on its third reading, and that this motion was carried. The record does not disclose the fact that the ordinance was then read the third time, in pursuance of this motion.

So far as the record shows, after the motion to place the ordinance on its third reading was carried, the next step, as shown by the record, was the motion that the ordinance "be placed of record for its final passage."

The statute above quoted provides that ordinances shall be read "on three different days, unless three fourths of the council shall dispense with the rule." In *Collins v. City of Iowa Falls*, 146 Iowa 305, we said, referring to this statute:

"It will be noted that the quoted section of the statute refers

to this requirement of formality as a 'rule,' and provides that it may be dispensed with by three fourths of the council."

The "rule" that may be dispensed with is the rule requiring ordinances to be fully and distinctly read "on three different days." The record in this case clearly shows that the rule was dispensed with. When the rule is legally dispensed with by a vote of three fourths of the council, there is no provision left that requires three separate and distinct *readings*. The requirement of the statute is that the ordinance shall be read *on three different days*. This provision may be entirely dispensed with by the council, and the ordinance passed at a meeting on one day instead of at meetings on three different days. Where the rule is dispensed with by the council, as was done in this instance, the ordinance may be passed at a single meeting or on one day, and there is no provision left in this statute or elsewhere that requires that the ordinance shall be then read in full three different *times*. There is a clear distinction between "three different *readings*" of the ordinance and a reading of the ordinance on "three different *days*." If the rule requiring the ordinance to be read on three different days is entirely dispensed with, as provided by the statute, there is no provision remaining that requires that the ordinance shall be read three different times at the one meeting where it is up for consideration.

Furthermore, the statute does not require in terms that the fact of the reading of the ordinance shall be made a matter of record in the proceedings of the city council. It is the vote upon the passage of the ordinance that must be recorded, but not necessarily the fact of the reading of the ordinance.

The city council having, by a three-fourths vote, dispensed with the rule requiring the reading of the ordinance on three different days, the ordinance can be placed upon its final passage at a single meeting of the council, and, in such event, three different readings of the ordinance at such meeting were not required by the statute. Furthermore, the fact of such separate readings is not required by statute to be made of record in the proceedings of the council where the rule is dispensed with.

2. MUNICIPAL CORPORATIONS: ordinances: presumption of third reading.

In any event, in the instant case, it is fairly to be presumed

from the entire record that the ordinance was, in fact, read in full the third time, before it was placed upon final passage. There is no merit in appellant's contention at this point.

II.   It is contended that the ordinance was never legally enacted, because there is a failure to show of record that the yeas and nays were properly called and recorded upon the question of the adoption of the ordinance. The particular point stressed is that the motion upon which the final roll call was taken was not sufficiently specific in its language to place the ordinance itself upon passage. The language of the record, above quoted, shows that it was moved and seconded that "said bill for ordinance be placed of record for its final passage." The contention of the appellant is that the effect of this motion was merely to have the ordinance recorded in some record of the city council, and that it did not place the ordinance "on its passage" before the council; or in other words, that the motion had merely to do with the *recording* of the ordinance *for* "final passage" at some future time when the ordinance might be taken up for such passage.

3. MUNICIPAL
CORPORATIONS:
ordinances: mo-
tion for final
passage.

The statute, Code Supplement, 1913, Section 683, provides:

"On the passage or adoption of every by-law, ordinance, and every such resolution or order, the yeas and nays shall be called and recorded."

We have held that this requirement of the statute is mandatory, and that, unless the yeas and nays are called and recorded upon the final passage or adoption of an ordinance, the same is not legally enacted. This was our direct holding in *Town of Olin v. Meyers*, 55 Iowa 209, and it has been followed in *Markham v. City of Anamosa*, 122 Iowa 689; *Cook v. City of Independence*, 133 Iowa 582; *Farmers Tel. Co. v. Town of Washta*, 157 Iowa 447.

The record in this case affirmatively shows which members of the city council were present at the time. It affirmatively shows that the roll was called, and affirmatively shows of record how each member of the council voted. There is a sufficient compliance with the requirements of the statute in these several particulars.

The precise question for our determination at this point is

whether or not the motion that "said bill for ordinance be placed of record for final passage" was sufficient by its terms to bring before the city council the question of a vote upon the passage of the ordinance, and whether the vote thereon was, in fact, a vote to adopt and pass said ordinance. The language of this motion must be construed in the light of the circumstances under which it was made. The city council had the ordinance in question before it for consideration at that time. The council had voted to dispense with the rule requiring the reading of the ordinance on three different days. The ordinance had been read and considered by the council at the time this motion was made. The language used in the motion was not technically accurate, nor was it by any means the most apt and expressive that could have been chosen; but we do not think there was such verbal inaccuracy as to render obscure and uncertain the plain purpose and intent to place the ordinance upon final passage. The members of the council could not well have been in any way misled in the matter, and must have clearly understood that they were voting upon the final passage of the ordinance.

A fair and reasonable construction of the language of the motion, in the light of the circumstances under which it was made, leads us to the conclusion that the effect of the language of the motion was to place the ordinance upon its final passage. This being true, it follows that the ordinance was duly adopted.

We hold that the record sufficiently shows that the ordinance in question was duly and legally adopted and enacted, as provided by the statute, and that the same was not invalid for any of the reasons urged upon this appeal.

It follows that the judgment of the district court must be, and the same is,—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.